CITY OF ST. LOUIS, Respondent, v. MURPHY, Appellant.

1. The St. Louis Criminal Court, in the case of an appeal from the city recorder, the cause being called for trial and the defendant not answering, on motion of the city attorney, affirmed the judgment; *held,* that the Supreme Court would not interfere with the discretion exercised by the Criminal Court in refusing to set aside the affirmance, the ground urged being that at the time the case was called the defendant was necessarily absent for a few moments.

*Appeal from St. Louis Criminal Court.*

The facts sufficiently appear in the opinion of the court.
*C. C. Carroll*, for appellant.

RYLAND, Judge, delivered the opinion of the court.

The defendant was tried before the city recorder for a violation of an ordinance of the city, (for a breach of the peace,) and was found guilty. He was fined the sum of fifty dollars. He appealed to the Criminal Court. When the cause was called in the Criminal Court, the appellant did not answer. On motion of the city attorney, the judgment of the recorder's court was affirmed. Murphy afterwards moved to set aside this judgment, and filed his affidavit in support of his motion. The court overruled this motion, and the appellant, Murphy, brings the case here by appeal.

In looking into the record, I find the appellant's affidavit, in support of his motion, sets forth the facts substantially as follows : " On the day the case was set for trial, he, appellant, came into court with his witnesses, and remained in court for a considerable time, and only stepped out a moment to attend to the calls of nature, when his case was called up and judgment rendered against him ; that he was informed that no witnesses had been summoned against him up to a few days before, and therefore he did not think it necessary to employ an attorney ; that he was then informed that the subpœna for witnesses against him had only been issued that morning, and had not been returned when the case was called ; that he has a just and meritorious defence ; and that but for his momentary absence from the court-room, as stated above, his witnesses would have satisfied the court that his defence was ample and complete."

This motion to set aside a judgment is addressed to the discretion of the court below. We can not say the discretion was erroneously exercised in this case. The appellant ran the risk

of having no counsel to assist in his defence, and left the court without leaving any one to act for him in his short and necessary absence. This was his own neglect. We therefore will not reverse the judgment under such circumstances.

By the city charter, as amended by the legislature in 1852 and '53, the recorder has the same jurisdiction as justices of the peace within the limits of the city, in all state cases. He has jurisdiction over all cases arising under any ordinances of the city, subject to an appeal in all cases to the St. Louis Criminal Court; and every such appeal shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the Criminal Court (meaning the Circuit Court) under the general law of the state. Now the statute concerning breaches of the peace (R. C. 1845, p. 674, § 15,) allows appeals to the Circuit Court to any person convicted under it. The 20th section of this act (R. C. 1845, p. 675,) declares, " *If the judgment of the justice shall be affirmed*, or if, upon a trial in the Circuit Court, the defendant shall be convicted," &c. Here, then, we see that the law has contemplated that the judgment in these criminal cases, for breaches of the peace, might be affirmed in the Circuit Court on appeal. There is nothing to prevent the same proceeding in the Criminal Court on appeal from the recorder's court. In appeals from justices of the peace in civil cases, if the appellant fail to prosecute his appeal, the judgment may for that reason be affirmed.

There is no error, therefore, in the ruling of the Criminal Court, in affirming the judgment of the recorder in this case, because the appellant failed to prosecute his appeal when called. Let the judgment be affirmed ; the other judges concurring.