## Morris v. Commonwealth.

(Decided December 16, 1927.)

## Appeal from Boyd Circuit Court.

1.  Criminal Law.—On reversing case for defective indictment, court will consider other questions raised where defendant may be reindicted on return of case to circuit court.

2.  Criminal Law.—On appeal to the circuit court in criminal case from judgment of inferior court, under Criminal Code of Practice, sec. 366, defendant has trial de novo, regardless of whether he has superseded execution of judgment by supersedeas bond under sections 364, 365, and 369.

3.  Criminal Law.—Judgment of conviction of inferior court remains in full force, and effect, and if not superseded must be performed by defendant pending appeal to circuit court under Criminal Code of Practice, secs. 364-366 and 369 until it is displaced by judgment of the circuit court entered on trial de novo and giving of supersedeas bond merely suspends execution of judgment.

4.  Criminal Law.—Neither prosecuting attorney nor circuit court have any power to dismiss prosecution or to modify judgment of conviction of inferior court pending appeal therefrom to circuit court under Criminal Code of Practice, secs. 364-366, 369, except that circuit court may set it aside or modify it by its own judgment entered on trial de novo.

5.  Criminal Law.—Execution of supersedeas bond suspending execution of judgment of inferior court, from which an appeal is taken to the circuit court under Criminal Code of Practice, secs. 364-366, 369, does not nullify conviction entered in inferior court, but merely suspends it.

6.  Criminal Law.—After defendant's conviction for misdemeanor in police court and appeal from conviction to circuit court under Criminal Code of Practice, secs. 364-366, 369, in which supersedeas bond was given, order of circuit court, on motion of prosecuting attorney, quashing police court warrant and dismissing prosecution for purpose of permitting prosecutor to resubmit case to grand jury for indictment of defendant for felony as second offender was void.

7.  Criminal Law.—Where, after defendant was convicted in police court for unlawfully possessing liquor, a misdemeanor, circuit court, on appeal under Criminal Code of Practice, secs. 364-366, and 369, dismissed prosecution to permit prosecuting attorney to

resubmit case to grand jury on theory of second offense constituting felony, police court judgment of conviction remained in full force and effect and constituted a "former conviction," which barred the subsequent prosecution for felony.

JOHN W. McKENZIE and J. B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was indicted for the second offense of unlawfully possessing intoxicating liquors, which is a felony, and, from a judgment of conviction under the indictment, he appeals.

This case will have to be reversed, as the Attorney General concedes, because the indictment to which appellant demurred is exactly the same, with the exception of names, as the one held fatally defective in Neal v. Commonwealth, 221 Ky. 239, 298 S. W. 704. However, as the appellant may be reindicted on a return of this case to the circuit court, we must also pass on another very serious question he is raising on this appeal.

The appellant was arrested in January, 1926, and carried before the police court of Ashland charged with the offense of the unlawful possession of intoxicating liquors, which is a misdemeanor. On his trial there he was found guilty, and he then appealed to the Boyd circuit court, executing a supersedeas bond, suspending the execution of the judgment of the Ashland police court as provided for in the Criminal Code. When the case came on to be tried in the Boyd circuit court, the commonwealth's attorney remembered having theretofore convicted appellant of a like offense. So he moved to quash the warrant of the Ashland police court and to have the case submitted to the Boyd county grand jury then in session in order that the appellant might be indicted for a charge of felony. Over the appellant's objection, the court sustained this motion. The Boyd county grand jury then returned the indictment under which appellant was tried herein. On his arraignment under such indictment, appellant pleaded the conviction in the Ashland police court by way of a plea of former conviction. The court overruled this plea. Appellant now contends that he cannot be prosecuted for the offense attempted to be

charged in this indictment because of such claim of former conviction.

The question thus raised by appellant turns on whether the commonwealth's attorney had the right to dismiss as he did the appeal from the Ashland police court for his motion to quash the warrant of that court was in effect a motion to dismiss the appeal then pending in the Boyd circuit court.

Section 364 of the Criminal Code of Practice provides how appeals in criminal cases from inferior courts to the circuit court shall be prosecuted.  Essentially all the defendant has to do is to file a certified copy of the warrant or summons, if any, under which he was prosecuted together with a like copy of the judgment of conviction and to execute a "cost bond."  He may, if he so desires, also execute a supersedeas bond which has the effect of suspending the execution of the judgment of the inferior court but he may, if he so elects, decline to execute that bond, in which event he will have to perform the judgment appealed from pending that appeal, although he may not take an appeal from any such judgment *after* he has satisfied it.  See Criminal Code of Practice, sections 365 and 369.  Section 366 of that Code provides for a trial de novo upon the appeal in the circuit court, and this character of trial is had regardless of the fact whether the defendant has superseded the execution of the judgment of the inferior court or not.  Thus we see that, where the judgment of the inferior court has not been superseded, the defendant must perform it pending his appeal, although his appeal when it is tried is tried de novo.  This performance, of course, could not be exacted of the defendant unless there was in existence a valid and binding judgment against him.  This judgment remains in full force and effect until it is displaced by the judgment of the circuit court entered in the trial in that court.  The judgment of the inferior court thus remaining in full force and effect, we know of no provision in our law vesting in the prosecuting attorney any power to modify or set it aside nor any power in the circuit court so to do except by its judgment entered on a trial of the appeal in that court.  The commonwealth, having secured a judgment in the inferior court, is entitled to its enforcement until it be modified or set aside in accordance with the Code or statutory provisions on that subject, and the only ones governing that matter are those dealing with

a new trial in the circuit court. So far, we have been dealing with the situation where the defendant has executed no bond superseding the judgment of the inferior court. The resulting situation is just the same where such a bond is executed. In Green v. Commonwealth, 181 Ky. 253, 204 S. W. 82, this court had before it, among other things, the effect of the execution of a supersedeas bond suspending the execution of the judgment of an inferior court in an appeal from such judgment to the circuit court. We said:

"Appellant insists that the appeal from the Winchester police court to the Clark circuit court stripped that judgment of its vitality, and, as the judgment of the Clark circuit court dismissed the case, there was no competent proof showing a former conviction. In support of this contention appellant relies upon Townsend, Mayor v. Gorin, 144 Ky. 677, 139 S. W. 865.

"We do not, however, so understand the law. It is true that in Townsend v. Gorin the court said that, when an appeal is taken and the judgment of the court is superseded, 'its vitality is taken away, and nothing thereafter can be done by virtue of it, as it then stands as though it had never been rendered until the appeal is determined.' But a supersedeas only suspends the efficacy of a judgment; it does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings and not to undo what has already been done. Runyon v. Bennett, 4 Dana 598, 29 Am. Dec. 431; Weber v. Tanner, 64 S. W. 741, 23 Ky. Law Rep. 1107.

"If the case had been tried anew and a judgment entered showing the result of that trial, it necessarily would have nullified the judgment of the police court. On the other hand, if the appellant had merely dismissed her appeal, it is clear that the judgment of the Winchester police court would have remained in full force and effect, since the appeal and supersedeas constituted only a temporary suspension of that judgment which could be permanently and finally nullified only by a trial of the appeal. Sebree v. Commonwealth, 115 Ky. 736; 74 S. W. 716, 25 Ky. Law Rep. 121; Calhoune v. Kidd, 150 Ky. 611, 150 S. W. 816.''

We thus see that the execution of a supersedeas bond suspending the execution of the judgment of the inferior court from which the appeal is taken does not nullify that judgment, but just suspends it. It remains in full force and effect pending the appeal, just as it does where no such bond is executed. The case of Dressman v. Commonwealth, 204 Ky. 668, 265 S. W. 3, does not militate against this conclusion. All that case decides is that the defendant, after appealing, cannot dismiss his appeal. But that does not mean that the judgment of the inferior court has been nullified by the appeal or that it can be nullified in any other manner than by a judgment after trial in the circuit court. Nor is the conclusion we have reached in this case in conflict with that line of cases which hold that on an appeal from an inferior court, the warrant under which the defendant is being prosecuted may be amended in the circuit court, if defective. The Criminal Code, as stated, provides that on the appeal the trial shall be de novo, and hence the commonwealth has the right to perfect its pleadings if they be defective. But the right of amendment of defective pleadings is very different from any right to absolutely dismiss a case and bring an entirely new and different one. That is what the commonwealth attempted to do here. As we have seen, so long as the judgment of the inferior court remains in full force and effect, the commonwealth's attorney is without power to dismiss the prosecution, and the circuit court can affect that judgment only by its judgment entered in the trial de novo in that court.

It results, therefore, that the order of the circuit court quashing the warrant of the Ashland police court and dismissing that prosecution on the motion of the prosecuting attorney for the purpose of permitting him to submit the case to the grand jury was void, and the appeal from the judgment of the Ashland police court is still pending in the Boyd circuit court. Further, as the judgment of the Ashland police court has never been nullified by a judgment entered in a trial de novo in the circuit court, it is still in full force and effect. It follows that the appellant's plea of "former conviction" was well grounded and should have been sustained.

Judgment reversed, with instructions to grant the appellant a new trial in conformity with this opinion.

Whole court sitting.