CITY OF ST. LOUIS, RESPONDENT, v. HARRY LEE FITCH, APPELLANT.—
187 S. W. (2d) 63.

St. Louis Court of Appeals.   Opinion filed April 17, 1945.

*Geo. A. McDonald* for appellant.

*Joseph F. Holland, Oliver Senti* and *Charles J. Dolan* for respondent.

SUTTON, C.—This case was instituted in City Court No. 2 of the City of St. Louis, to recover of defendant a fine on a charge of carrying a concealed weapon in violation of an ordinance of said city. The proceedings in the city court resulted in a judgment imposing on defendant a fine of fifty dollars. The case went on appeal to the St. Louis Court of Criminal Correction. The proceedings in that court resulted in a judgment imposing on defendant a fine of ten dollars. From this judgment defendant appealed to the Supreme Court, asserting that jurisdiction was in that court because a constitutional question was involved. The Supreme Court found that there was no constitutional question involved, and for want of jurisdiction in that court transferred the case here. [City of St. Louis v. Fitch (Mo.), 183 S. W. (2d) 828.]

The record before us here shows that no October 2, 1941, defendant filed in the court of criminal correction a motion to quash the complaint made and filed against him. On November 5, 1941, the motion to quash was overruled, and judgment was thereupon entered as follows:

"It is ordered by the Court that the defendant be tried by default, and the Court, having heard the evidence, and being fully advised of and concerning the premises, doth find the defendant guilty as charged. It is therefore considered and adjudged by the Court that the defendant pay a fine of ten dollars, together with the costs herein accrued and that execution issue therefor."

The complaint charges that defendant violated ordinance No. 41386, section 1692, providing that it shall be unlawful for any person to wear under his clothes or concealed about his person any pistol, or revolver, colt, billy, sling shot, cross knuckles' or knuckles of lead, brass or other metal, bowie knife, razor, dirk knife, dagger or any knife resembling a bowie knife or any other dangerous weapon, in this to-wit, that defendant in the City of St. Louis and State of Missouri, on the 15th day of September, 1941, did then and there knowingly, unlawfully, and secretly wear under his clothes and concealed about his person a certain dangerous and deadly weapon commonly known as a spring-back knife.

On November 7, 1941, defendant filed a motion to set the judgment aside. The motion was overruled. Afterwards, defendant filed a further motion to set the judgment aside. The motion was overruled, and, as before stated, defendant appealed to the Supreme Court.

Defendant contends that the complaint states no offense because the ordinance pleaded does not mention a spring-back knife as a prohibited weapon. While it is true the ordinance does not mention a spring-back knife, it must be observed that it prohibits the carrying of "any other dangerous weapon", and the complaint charges that the spring-back knife carried by defendant was "a dangerous and deadly weapon." Whether or not it was a dangerous weapon within the meaning of the ordinance depends upon what the evidence shows; but the evidence is not preserved in the record before us. Defendant in his brief states that no evidence was heard, but the certified record before us explicitly recites that the judgment was rendered after the court heard the evidence and was advised of and concerning the premises. The officially certified record prevails over conflicting statements in a litigant's brief. [City of St. Louis v. Fitch, supra.]

Defendant further contends that, under the provisions of section 3843, Revised Statutes Missouri, 1939, Missouri Revised Statutes Annotated, found in the statute relating to proceedings before justices of the peace in misdemeanor cases, the court of criminal correction should have affirmed the judgment of the city court, and was without authority to hear the evidence and enter judgment thereon.

Section 3843 is as follows:

"If the judgment of the justice shall be affirmed, or, upon a trial in the court to which the appeal is taken, the defendant shall be convicted and any fine assessed, judgment shall be rendered for such fine and the costs in both courts against the defendant, and execution issue thereon, commanding the officer to levy the same of the goods and chattels of the defendant, if sufficient thereof be found; but if no property of the defendant be found, then to arrest the defendant and commit him to the county jail until he be discharged by due process of law."

Section 2254, found in the statute relating to the St. Louis Court of Criminal Correction, provides that said court shall have and exercise appellate jurisdiction in all cases of a criminal nature appealed from justices of the peace.

Section 2277 provides that all appeals from the police court of the City of St. Louis shall be made to and tried and determined by the court of criminal correction in the same manner as provided by law in regard to other cases of appeals to said court.

Section 7363, found in the miscellaneous provisions of the statute relating to municipal corporations, is as follows:

"Appeals from police courts and for violation of an ordinance of a city, town or village shall be in the nature of a criminal appeal from a

justice of the peace. And when an appeal is taken from the judgment of such police court, the defendant shall be required to give bond as in appeals in trials for misdemeanors before a justice of the peace, notwithstanding any ordinance or city charter to the contrary. If, on trial in the court having jurisdiction of such appeal, the defendant shall be convicted and fails or refuses to pay the costs and fine assessed against him, such fine and costs may be collected as if no appeal had been taken, and defendant may be committed to a workhouse or compelled to work out such fine and costs, as provided by law for collecting fines and costs in police courts when no appeal has been taken.''

Section 3838, found in the statute relating to proceedings before justices of the peace in misdemeanor cases, provides that any person convicted before a justice of the peace for any misdemeanor may appeal to the circuit or other court having jurisdiction in criminal cases, if he shall file his affidavit and bond for appeal immediately after the judgment is rendered, and also provides that the appeal shall operate as a stay of execution ''until a trial anew has been had in the circuit court.''

Section 3841 provides that when an appeal is taken from a justice of the peace in a criminal case, the justice shall file in the office of the clerk of the court having jurisdiction of the appeal, within three days after the appeal is taken, a copy of the entries on his docket, with the affidavit of appeal and all papers filed in the case, duly certified by the justice.

Section 3842 provides that the clerk of the court shall file the transcript and papers in his office and enter the cause on the court docket, and that if the appeal be regularly taken, the cause shall be heard on the merits at the first term of the court, after the same shall have been filed in the clerk's office, or, if the appeal be taken and filed in term, it shall be returnable to and triable at such term, unless for good cause shown the case be continued.

Section 3843 evidently contemplates that the court to which an appeal is taken may in a proper case affirm the judgment of the justice, without further trial, as upon the failure of defendant to appear and prosecute his appeal. [City of St. Louis v. Murphy, 24 Mo. 41.]

The recital in the judgment of the court of criminal correction in the present case that ''the defendant be tried by default'' indicates that the defendant failed to appear and prosecute his appeal. Under this record, the court, of course, had power to affirm the judgment of the city court. But was this power exclusive? Did not the court have power to hear the evidence and rendered judgment thereon? The statute nowhere excludes such power. Defendant had perfected his appeal and the court of criminal correction had complete jurisdiction both of the subject-matter and of the parties.

The sole purpose for which the statute gives a right of appeal in a case such as this is that a trial *de novo* may be had in the court to which the appeal is taken. [Sections 3838 and 3842, *supra*; State v. Smith, 306 Mo. 451, 267 S. W. 869; Randol v. Kline's Inc., 322 Mo. 746, 18 S. W. (2d) 500.] The statute does not give the right of appeal to the end that the appeal may be used as a dilatory measure, or that the appellant may have the judgment affirmed by failing or refusing to appear and prosecute his appeal, without fear that a trial *de novo* may be had and a more burdensome judgment rendered against him upon such trial.

Moreover, in the present case the appellant suffered no disadvantage by the trial and judgment *de novo*, but profited thereby, since the judgment on appeal was for only ten dollars whereas the judgment appealed from was for fifty dollars.

In this connection we have in mind, of course, that a prosecution for the violation of a city ordinance, such as this, is in its nature a civil action. [City of St. Louis v. Fitch, *supra*.]

We conclude that it was within the power of the court of criminal correction in this case to hear the evidence and enter judgment thereon upon the failure of defendant to appear and prosecute his appeal.

Other questions raised are necessarily decided against defendant from what we have already said, or have been disposed of by the Supreme Court in its opinion transferring the case here.

The Commissioner recommends that the judgment of the court of criminal correction be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the court of criminal correction is accordingly affirmed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.