**STATE ex rel. Franklin Dale GARRETT, Petitioner,**

v.

**James GAGNE, Director of Municipal Correctional Institution, Respondent.**

No. 58853.

Supreme Court of Missouri, En Banc.

Nov. 25, 1975.

Rehearing Denied Jan. 12, 1976.

James L. Muller and W. J. Dittmeier, Legal Aid and Defender Society, Kansas City, for petitioner.

James Cleary, Jr., Aaron A. Wilson and Louis W. Benecke, Kansas City, for respondent.

MORGAN, Judge.

In his petition for a writ of habeas corpus, petitioner alleged that he was being unlawfully restrained of his liberty pursuant to an order of execution and commitment under a judgment of the Municipal Court of Kansas City. The petition was sustained and the writ ordered to issue; the

return of respondent was filed; and, after the court determined that "issues of fact" did exist, a Master was appointed to take testimony thereon and report his "findings of fact." Such findings are of record and the cause has been argued before this court.

The factual background may be summarized, fairly, as follows: petitioner was arrested on February 14, 1974, pursuant to a complaint that he had committed an offense (a sexually related assault) in violation of the City's General Ordinances; that on April 29, 1974, petitioner, without benefit of counsel, entered a plea of not guilty; that, thereafter, a trial was had and the petitioner was found guilty with punishment assessed at confinement for 180 days in a Municipal Correctional Institution; that petitioner posted a cash bond in the amount of $360. and appeal to the Circuit Court of Jackson County for appearance therein on May 31, 1974; that on said date a City Counselor appeared and announced ready for trial but petitioner failed to appear, whereupon, the Circuit Court entered its order and judgment that petitioner's "appeal is dismissed and the cause is remanded to the Municipal Court for execution." Some four months later, on September 25, 1974, the Clerk of the Municipal Court wrote petitioner a letter directing that he appear by October 10, 1974, to satisfy the judgment of the Municipal Court. Petitioner complied and the present proceeding was initiated.

Petitioner contends that his detention is illegal for two reasons, asserted in the alternative, to-wit: (1) dismissal of petitioner's appeal by the circuit court was in violation of § 98.020, RSMo 1969, and Supreme Court Rules 37.84, 22.16, 29.02 and 27.08; and, (2) if the judgment (remand) of the circuit court was proper and not erroneous, the judgment of conviction of the Municipal Court is invalid because "he was tried therein without counsel and without having knowingly and intelligently waived his right thereto in violation of that guarantee of the Sixth and Fourteenth Amendments to the United States Constitution."

The first point can be resolved by answering one question—does a circuit court, under the existing law, have the discretionary power to dismiss an appeal from a judgment of a Municipal Court and remand the cause for execution of the judgment entered by the latter when the appellant fails to appear in circuit court for de novo relitigation of the original charge?

Those courts which have been called on to consider the question have failed to reach a uniform answer. The divergent results are detailed in 22 C.J.S. Criminal Law § 399, wherein (with footnote references deleted), it is stated, in part:

The appeal, if properly taken and continued in effect, vacates the judgment of the inferior court; as a general rule, a commitment under the inferior court judgment is wrongful and erroneous. Under some statutes, however, the judgment of the inferior court, pending the appeal, remains in full force and effect until it is displaced by the judgment of the court to which the appeal is taken; and if accused does not suspend the execution of the judgment of the inferior court by the execution of a supersedeas bond he must perform it pending his appeal, even though on the appeal his case is tried de novo; and, since the requirement of a peace bond is a preventive remedy, not a part of the punishment, one who was convicted in the inferior court and, in addition to the judgment entered on the verdict, was ordered to execute a bond to keep the peace and in default thereof to be confined in jail for a stated time, should, if the bond is not given, be held in custody for the required time, even though he has appealed the case.

The appeal does not wipe out or annul the judgment of the inferior court so as to render it nonexistent if the appeal is not perfected or is revoked. So, where appellant withdraws his appeal, or the appellate court dismisses it, and sends it back to the justice's court with a writ of proce-

dendo, there is no affirmance or new sentence; the judgment of the justice's court is left in full force and effect, and under such circumstances, the judgment of the justice's court should be executed, and commitment in pursuance thereof is valid, even though the dismissal was erroneous.

The opposing views noted in that portion of the text just quoted, and in the cases from the several states cited therein, obviously turn on the effect the filing of an appeal from a municipal court judgment has thereon, i. e., is the same entirely vacated or is it merely stayed? Posed otherwise—is or is not the efficacy of a municipal court judgment entirely destroyed by an appeal therefrom? The answer to the latter, and basic question, has not depended upon any philosophical approach to the problem but upon those statutory provisions and court rules in effect at the time the question was presented. For that reason, nothing would be gained by a detailed review of prior cases within or without this state,[1] and we seek to resolve the validity of petitioner's confinement under the present law of Missouri.

Section 396.5 of the Kansas City Charter provides: "Appeals may be taken from the municipal court . . . to the circuit court in the manner and upon the conditions prescribed by law and rules of the Missouri Supreme Court."

Section 98.020, RSMo 1969, which is a general statute designed apparently to apply to all municipalities, provides: "Appeals from police courts and for violation of an ordinance of a city, town or village shall be in the nature of a criminal appeal from a magistrate." This section would indicate that those statutory provisions and court

rules applicable to criminal appeals from a magistrate would apply, i. e., Chapter 543, RSMo 1969, and Supreme Court Rule 22.[2] However, resort to such general provisions is not necessary in view of Supreme Court Rule 37, which is specifically designed to control proceedings in a municipal court and the effect of an appeal from a judgment therein.

Rule 37.81 provides: "Execution of the judgment rendered in a municipal court *shall be stayed* if an appeal is taken and if the defendant is admitted to bail pending the appeal." (Emphasis added.)

Rule 37.82 provides: "If the defendant is not so admitted to bail pending appeal, he *shall remain in custody or be committed to* abide the determination of the case in the circuit or other court having jurisdiction of the appeal." (Emphasis added.)

■ Thus, in Missouri the answer to the basic question is not difficult to resolve. A mere reading of Rules 37.81 and 37.82 makes it clear that the filing of an appeal alone does not vacate or annul the judgment of the municipal court but merely suspends or stays the efficacy of the same pending a final disposition of the appeal in circuit court. The judgment entered remains in effect until it is displaced by a judgment in the circuit court. Such is evident as shown by Rule 37.82, which calls for continued confinement, absent a bond, under the original judgment.

Petitioner, in arguing otherwise, relies on quotes extracted from two recent decisions of this court. The first is *Kansas City v. Henderson*, 468 S.W.2d 48 (Mo.1971), in which it was said, l. c. 51, that the "appeal had the effect of setting aside and nullifying the conviction imposed in the municipal court." The second is *State v. Fields*, 487

---

1.  Representative cases are: *Morris v. Commonwealth*, 222 Ky. 400, 300 S.W. 887 (1927) and *Thompson v. City of Birmingham*, 217 Ala. 491, 117 So. 406 (1928). See 21A Mo.Dig., Municipal Corp., ⚖️642(1), 642(2) and *Costarelli v. Massachusetts*, 421 U.S. 193, 95 S.Ct. 1534, 44 L.Ed.2d 76, 1975.

2.  Such general provisions, insofar as of interest here, are consistent with Rule 37. For instance, § 543.290 provides that an "appeal shall operate as a stay of execution" and Rule 22.12 dictates that there "shall be a stay of execution" after an appeal.

S.W.2d 560 (Mo.1972), wherein the declaration just noted was quoted, 1. c. 562, with approval. Out of context, the same would tend to sustain petitioner's position. However, in each case there had been, in fact, a trial at the circuit court level and the reference to an "appeal" in each encompassed the entire proceeding had therein. This writer, as the author of the latter case, is free to suggest that perhaps there are times when it would be better to be redundant and repeat the factual setting wherein each statement in an opinion is made. Not having done so, we can only point out that the question herein considered was not present in either the *Henderson* or *Fields* cases, i. e., the effect of the mere filing of a formal appeal. See *Kansas City v. Bott*, 509 S.W.2d 42 (Mo. banc 1974).

The ultimate question remains. What happens if the appellant fails to appear in circuit court?

One possibility is found in Rule 37.98, which provides, in part, that: "The court . . . may . . . direct the arrest of a defendant who is at large on bail for commitment . . . (1) When there has been a breach of the condition of the bond . . . ." The authority thus authorized, was not exercised and we consider if the remand and dismissal ordered in this case was a viable alternative.

■ The petitioner was found guilty in the municipal court. Under the existing law, he had available to him another opportunity to establish his innocence, or more accurately, to require the prosecuting authorities to establish his guilt a second time. Such a "two-tiered" approach allowing for de novo relitigation of the charge is solely for the benefit and protection of the accused. In circuit court he maintains his status of innocence until the prosecution shows otherwise; and no burden of "going forward" is placed upon him. *Hoelzel v.*

*Kelly*, 222 Mo.App. 566, 291 S.W. 1081 (1927). However, by appealing to the circuit court, even in the absence of the obligations created by the bond given, the petitioner did make it incumbent upon himself to appear and make himself available as a defendant at such time as directed. This he failed to do. In the normal procedures involving prosecutions for offenses against society, the law customarily does not force an appeal upon an accused. (Unless specifically called for in certain cases, such as where a death penalty has been imposed.) Absent some reason making it impossible to appear, an accused by his absence evidences his disdain for the law and its legal processes.[3] Thereafter, a complaint that the circuit court did not force upon him any potential benefit to be derived from a de novo proceeding rings hollow. Under statutes and rules not necessarily the same as they now exist, this court in 1856 approved a comparable result in *City of St. Louis v. Murphy*, 24 Mo. 41. Petitioner obstructed the orderly process of the court to provide a review to which he was entitled but which he made no effort to preserve. We believe the circuit court had the discretionary alternative of dismissing the appeal. Nor are we persuaded by the argument that a trial in circuit court must, of necessity, follow the filing of an appeal. Rule 37.84 contemplates the cooperation of an appellant and provides that in circuit court the "case shall be heard, tried and determined de novo." The word "shall" therein does not make the same compulsory but only dictates that the review, if there is to be one, shall be de novo. To construe the rule otherwise would negate Rules 37.81 and 37.82 which provide that the municipal court judgment is stayed only. Point one is ruled against petitioner.

For his second point, petitioner challenges the legality of his confinement by asserting that he was convicted in the municipal court without assistance of counsel when he

3. Petitioner failed to appear for trial on Feb. 21, 1974, in the municipal court as scheduled; his bond was forfeited but later reinstated. Furthermore, for a period of 117 days after the dismissal in circuit court petitioner did nothing to protect or prosecute his appeal.

had not knowingly and intelligently waived his right thereto. Reliance is placed on the dictates of *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In the latter case, the court declared, l. c. 37, 92 S.Ct. 2012, "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

To resolve the issue, this court appointed one of the most experienced trial judges in the state as Master to hold a hearing and report his findings of fact. Compare *State ex rel. Kansas City v. Meyers*, 513 S.W.2d 414 (Mo. banc 1974). With the unquestioned absence of counsel, the prosecuting authority had "the burden of coming forward with evidence of waiver," *Morris v. State*, 456 S.W.2d 289, 293 (Mo.1970); and, we quote that portion of the "findings" relative to that issue, to-wit:

> That before the hearing Judge Spottsville read the charge to petitioner and ascertained, by the admission of the petitioner, that he understood the charge. Judge Spottsville further advised him that he was entitled to be represented by an attorney of his own choosing or if he was unable to afford an attorney the Court would consider appointing a legal aid lawyer for him. Judge Spottsville further told him that the charge appeared serious and that the Court was authorized to impose a fine as high as $500, a sentence to the Municipal Correctional Institution of six months, or both.

> That on April 29, 1974, petitioner was a person, aged 26, with a high school education and with no impairment of his intellectual capacity.

> That no claim of indigency or evidence of indigency was presented either at the Municipal Court hearing on the charge against petitioner or at the Master's Hearing on the instant Writ of Habeas Corpus.

> That petitioner elected to go to trial in Municipal Court on the subject charge without a lawyer and at the time when he made this election he was aware of the charge against him, of the possible penalty involved, of the fact that he was entitled to be represented by counsel of his choice and of the fact that persons who could not afford counsel were entitled to have one appointed by the Court.

> That petitioner was properly advised of his right to counsel before his trial in Municipal Court and knowingly waived it.

> That upon trial of the charge petitioner was found guilty and sentenced to 180 days at the Municipal Farm.

> That the petitioner was advised of his right to appeal to the Circuit Court, posted a $360 cash bond and filed an appeal.

■ The record as made sustains the finding of the Master that there was a knowing and intelligent waiver of counsel. Our review of the same reflects that petitioner was twenty-seven years of age, a graduate of a high school and a barber college; that he was employed as a barber or "hair dresser" and had been for six years; that he was not indigent and made no claim that he was; that he fully understood the proceedings and particularly his right to the assistance of counsel. All doubts were removed by petitioner's own explanation as to why he did not have counsel. While being interrogated before the Master, by his own counsel in this proceeding relative to the precise issue, he testified: "I didn't do it so I didn't expect anything really." Further explanation for waiver was the fact the complaining witness against him had filed previous complaints, and "She just dropped the charges every time." Point two is ruled against petitioner.

The writ of habeas corpus heretofore issued, is quashed; and petitioner is remanded to the custody of respondent.

HOLMAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, C. J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I respectfully dissent as to that part of the principal opinion which authorizes the circuit court, in an appeal from a municipal court conviction, to dismiss the appeal and remand to the municipal court for execution of the municipal court judgment and sentence. The principal opinion holds that the circuit court may, on a discretionary basis, either issue a capias and have the defendant brought before it for trial of the cause or dismiss the appeal and remand to municipal court for execution of the sentence because of the failure of the defendant to appear for trial in the circuit court.

In my opinion, the circuit court is not authorized by law to utilize the judgment of conviction and sentence of the municipal court to punish the defendant for failure to appear for trial.

Section 543.310, RSMo 1969, states, inter alia, that " . . . if the appeal be regularly taken, the cause *shall* be heard on the merits . . . ." (Emphasis mine.)

Rule 37.84 provides: "After an appeal from a judgment rendered in a municipal court has been entered upon the docket of the circuit or other court having jurisdiction of the appeal, the case shall be heard, tried and determined de novo in such circuit or other court as though the prosecution had originated in such court. If the defendant shall be convicted in such court, the judgment entered upon the finding or verdict shall assess the costs in both the municipal and such other court in the manner provided by law."

Certainly no one would contend that, if the prosecution had originated in circuit court and the defendant had been admitted to bail pending trial and failed to appear for trial, the circuit judge could, by reason of his failure to appear, find him guilty of the offense charged and on that judgment sentence the defendant. The remedy would simply be to declare a bond forfeiture and/or order the arrest of the defendant.

If section 543.310 and Rule 37.84 mean what they say—a trial in circuit court on the merits the same as if the prosecution originated there—then there is simply no authority to dismiss the appeal and order execution of the municipal court judgment on the grounds that defendant failed to appear for trial.

The principal opinion seems to proceed on the assumption that the trial de novo in circuit court and the right to have the circuit court determine his guilt or innocence is conditioned upon the defendant's adherence to the conditions of his bond—the obligation under the bond to appear at trial.

Section 543.290, which concerns recognizance on appeal from magistrate court to circuit court in misdemeanor cases, is applicable to appeals from municipal courts to the circuit courts by reason of section 98.-220, RSMo 1969, which states that failure to give recognizance shall not prevent the appeal. The obligation to appear at trial when permitted to be free pending appeal to circuit court is a condition of the recognizance or bond. The breach of that condition warrants the arrest of the defendant. Section 543.290 specifically provides that the magistrate (municipal judge) shall not consider the judgment of the magistrate or costs in fixing the amount of the recognizance but shall only require the recognizance to be sufficient to secure his attendance in circuit court.

Rule 37.98 affirmatively specifies what the court may do if the defendant breaches the condition of his bond—fails to appear at trial—and states that the court may direct

the arrest of the defendant.[1] It does not authorize dismissal of the appeal with a consequent execution of the municipal court judgment.

Rule 37.99, which specifies what the court may do when the defendant is rearrested for breach of the condition of the bond, provides: "Upon the entry of the order of arrest provided for in Rule 37.98, a warrant shall be issued by the clerk of the court which shall be directed to any peace officer of this state and executed in any municipality or county in this state. The court shall fix the amount of bail and shall admit the defendant to bail upon defendant furnishing satisfactory security."

Rule 37.104 provides that when a breach of the condition of the bond occurs, the court shall enter a judgment of default and declare a forfeiture of the bond but also authorizes the court to set aside the forfeiture if justice so requires. The last sentence of Rule 37.104 states, "*Further proceedings and process may be had to enforce defendant's appearance to answer the charge against him* after a judgment of default and forfeiture of the bond." (Emphasis mine.)

The statutes and rules are replete with provisions relating to bonds or recognizances pending trial or pending trial in circuit court on appeal from municipal or magistrate court. The various measures the court may take upon breach of the condition of the bond to appear at trial are also set forth. Nowhere is there any provision in any rule or statute which allows the circuit court to dismiss the appeal with a consequent execution of the magistrate or municipal court judgment because of the defendant's failure to appear.

To the contrary, all of the provisions in the law and the rules limit the court to the utilization of legal process to secure his presence in court in order to proceed with the trial.

*City of St. Louis v. Moore*, 288 S.W.2d 383 (Mo.App.1956), was an appeal from a municipal court conviction. The court there said that if the defendant does not appear when the case is called the court may order a capias for his arrest. In *Moore* the defendant's attorney appeared in the court of criminal correction at the time the cause was called. The defendant did not appear. Defendant's attorney moved for a jury trial which motion was overruled and the attorney left the courtroom. The court heard the city's evidence and the defendant was again found guilty. On appeal to the court of appeals, St. Louis district, the conviction was reversed and remanded to the court of criminal correction for trial for error in denying defendant a jury trial. The court held that appeals from municipal courts shall be heard and tried de novo in circuit court as though the prosecution had originated there. The court also held that the defendant must be present in court for the trial and if he is not present the court can order him arrested.

The principal opinion, in effect, authorizes the same result which *Moore* held to be contrary to the law of this state by simply dismissing the appeal and allowing the municipal court judgment to be executed without the defendant being present.

This is certainly a drastic penalty for not complying with the condition of the appearance bond. If the legislature or this court (assuming this court had the authority to do so) intended that the circuit judge would have the power to dismiss the appeal and cause the municipal court sentence of six months' imprisonment to be executed, if the defendant failed to appear for trial, I believe it would have been clearly set forth in a statute or rule.

---

1. In this case the record reflects petitioner resided at the same address in Jackson County throughout these proceedings. Adherence to this rule would have simply required the arrest of petitioner and afforded a prompt disposition of his appeal on the merits in accordance with the law.

The principal opinion states that Rule 37.84 contemplates "the cooperation of an appellant" when he takes an appeal to circuit court. Rule 37.84 does not grant the right to appeal. That right is granted by statute, sections 98.030 and 543.290, RSMo 1969, and it is not a matter of grace or discretion to be allowed or refused by any judge. Nor is the exercise of the right to appeal, the maintenance thereof, and the trial de novo incident thereto, conditioned upon the cooperation of the defendant. As shown supra, the circuit court has available all the legal processes to force the presence of the defendant at trial and it is not dependent upon his cooperation.

The principal opinion cites *City of St. Louis v. Murphy*, 24 Mo. 41 (1856), as a case where this court approved a comparable result although, as stated in the principal opinion, that case was decided under rules and statutes not necessarily the same as they now exist. However, *Murphy* and the cases following *Murphy*, set forth infra, expose the serious underlying issue in this case. That issue is whether or not a defendant in a criminal case on appeal in circuit court from a municipal court conviction can be convicted of the offense without being present.

In *Murphy* the defendant was convicted of a city ordinance violation and fined $50 by the city recorder (apparently the same as a municipal court). Murphy appealed to circuit court and appeared on the day of trial but apparently heeded a call of nature and was absent from court at the time the case was called. The circuit court affirmed the judgment of municipal court on motion of the city attorney. Murphy moved to set aside the affirmance which motion was overruled. The court observed that in appeals from justice courts in civil cases, if the appellant fails to prosecute his appeal, the judgment may be affirmed. The court then held that the court did not err in affirming the municipal court judgment "because the appellant failed to prosecute his appeal when called." 24 Mo. at 43.

In *City of St. Louis v. Fitch*, 238 Mo.App. 725, 187 S.W.2d 63 (1945), the defendant had been convicted in municipal court of carrying a concealed weapon in violation of a city ordinance and fined $50. He appealed to the court of criminal correction which is the court which has jurisdiction of appeals from municipal court convictions in the city of St. Louis. The defendant failed to appear for trial in the court of criminal correction so that court heard the city's evidence, found the defendant guilty, and assessed a fine of $10 from which the defendant appealed. The St. Louis Court of Appeals affirmed the judgment saying that "Section 3843 [now sec. 543.320] evidently contemplates that the court to which an appeal is taken may in a proper case affirm the judgment of the justice, without further trial, as upon the failure of defendant to appear and prosecute his appeal. *City of St. Louis v. Murphy*, 24 Mo. 41." 187 S.W.2d at 65. The court also stated that "we have in mind, of course, that a prosecution for the violation of a city ordinance, such as this, is in its nature of a civil action."

In the subsequent case of *City of St. Louis v. Walker*, 309 S.W.2d 671 (Mo.App. 1958), the St. Louis Court of Appeals overruled *City of St. Louis v. Fitch, supra*, and pointed out that changes in the law compelled a different conclusion than that reached in *Murphy, supra*.

In *Walker, supra*, the defendant was convicted in municipal court of peace disturbance and he appealed and was again convicted in the court of criminal correction and he appealed to the St. Louis Court of Appeals. When Walker's case was called in the court of criminal correction, his attorney requested a continuance stating the defendant was ill. The motion was denied. Counsel then requested a jury trial and the court stated it would not grant a jury trial unless the defendant was present. The defendant was not present and the court proceeded to hear the city's evidence and found the defendant guilty and assessed a fine of $300. On appeal the defendant contended

the court erred in (1) refusing to grant a request for jury trial and (2) trying the case without the presence of the defendant in court. The court of appeals sustained both contentions. As to the second point the court said at 674–675:

"The court also erred in trying the case without the presence of defendant in court. This point is also ruled by *City of St. Louis v. Moore,* supra. There we said:

'Since the case must be retried it should also be noted that the defendant must be present in court for the trial. When the case is called and the defendant is not present the court may then order a *capias* for his arrest. There is but one exception to the need for the presence of the defendant at the trial and that is where the defendant, charged with a misdemeanor, may request that he be allowed to plead and stand trial while absent from the court. This may be done with the consent of the court and prosecutor. Supreme Court Rule 29.02.'

"But respondent says our ruling in the Moore case is erroneous and contrary to the previous controlling decision of the Supreme Court in *City of St. Louis v. Murphy,* 24 Mo. 41. In that case, the defendant was tried before the City Recorder for a breach of the peace. Defendant was found guilty and fined $50. He appealed to the St. Louis Criminal Court. On the day the case was set he appeared with his witnesses. During the course of the day he absented himself from the courtroom for a short period to answer the call of nature. During his absence his case was called for trial. Defendant, of course, did not answer, whereupon the court affirmed the judgment of the Recorder. This judgment was affirmed by the Supreme Court which held that such a judgment was authorized by the statute, and that the trial court did not abuse its discretion in refusing to set it aside. In passing on the case, the court said:

'By the city charter, as amended by the legislature in 1852 and '53, the recorder has the same jurisdiction as justices of the peace within the limits of the city, in all state cases. He has jurisdiction over all cases arising under any ordinances of the city, subject to an appeal in all cases to the St. Louis Criminal Court; and every such appeal shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the Criminal Court (meaning the Circuit Court) under the general law of the state. Now the statute concerning breaches of the peace (R.C.1945, p. 674, § 15,) allows appeals to the Circuit Court to any person convicted under it. The 20th section of this act (R.C.1845, p. 675) declares, "*If the judgment of the justice shall be affirmed,* or if, upon a trial in the Circuit Court, the defendant shall be convicted," etc. Here, then, we see that the law has contemplated that the judgment in these criminal cases, for breaches of the peace, might be affirmed in the Circuit Court on appeal. There is nothing to prevent the same proceeding in the Criminal Court on appeal from the recorder's court. In appeals from justices of the peace in civil cases, if the appellant fails to prosecute his appeal, the judgment may for that reason be affirmed.'

"At first blush it would appear that the Murphy case is in point and should rule the case at bar. However, by comparing the statutory law as it then existed with the law now controlling a different conclusion must be reached. It will be observed that the court in that case placed its ruling upon the provisions of Section 20, Chapter 94, Revised Statutes of 1845. That section provided: 'If the judgment of the justice shall be affirmed, or upon a trial in the circuit court the defendant shall be convicted, and any fine assessed, judgment shall be rendered for such fine, and the costs in both courts, against the defendant and his securities.'

"At the present time the procedure in such cases is governed by Supreme Court Rule 22.16, which reads:

'After a case appealed from a magistrate court has been entered upon the docket of

the circuit court in accordance with the provisions of Rule 22.11, the case shall be heard, tried and determined de novo in the circuit court as though the prosecution had originated in such court. If the defendant shall be convicted in the circuit court, the judgment entered upon the finding or verdict shall assess the costs of both the magistrate court and the circuit court in the manner provided by law.'

"It further appears that at the time the Murphy case, supra, was tried the statute requiring the presence in court of an accused in certain cases did not apply to the offense for which Murphy was being tried. Chap. 138, Art. VI, § 14, p. 880, R.S.Mo. 1845. It applied only to indictable offenses. The offense for which Murphy was being tried was by statute expressly declared not to be an indictable offense. Chap. 94, § 1, p. 672, R.S.Mo.1845.

"At the present time we have Supreme Court Rule 29.02 which requires the presence of the defendant in court in such cases except where the defendant is allowed to plead and stand trial while absent from the court, the court and prosecutor consenting thereto.

"Respondent also relies upon the case of City of St. Louis v. Fitch, 238 Mo.App. 725, 187 S.W.2d 63. In that case the defendant had been tried and convicted in the City Court for the violation of a city ordinance. He appealed to the Court of Criminal Correction. When the case was called defendant failed to appear. Notwithstanding the absence of the defendant, the court proceeded with the trial, heard evidence, and entered a judgment of conviction. On appeal, the defendant contended that the trial court was without authority to hear evidence and enter judgment thereon, but should have affirmed the judgment. No point was made that the court proceeded to trial without defendant being present. This court affirmed, holding that, under § 3843 R.S.Mo.1939, Section 543.320 RSMo 1949, V.A.M.S., the trial court could either affirm the judgment of the City Court or try the case de novo. *We were in error in*

*approving sub silentio the action of the court in proceeding to trial without the presence of the defendant.* This, for the reason that the requirements of Supreme Court Rule 29.02 were a part of the statutory law at that time. § 4054 R.S.Mo.1939, Section 546.030 RSMo 1949, V.A.M.S. *And the holding that the court could, under § 3843 R.S.Mo.1939, affirm, without trial, the judgment of the City Court is no longer the law.* [Emphasis mine.] Supreme Court Rule 22.16."

Lest there be speculation that there is a difference between affirming the municipal court judgment and dismissing the appeal with a consequent execution of the municipal court judgment, it should be immediately recognized that both procedures—the conviction of a person of a criminal offense and the execution of the punishment meted out by the municipal court—have precisely the same effect. The court of appeals in *Walker* saw that this was so and this court should likewise recognize it to be true.

In *State v. Norton*, 347 S.W.2d 849 (Mo. banc 1961), a bond forfeiture case where the defendant failed to appear at trial in court on a misdemeanor charge, and in *State v. Cook*, 432 S.W.2d 345 (Mo. banc 1968), an appeal from conviction of defendant in circuit court on a misdemeanor charge where defendant failed to appear for trial (neither case was an appeal from magistrate court), this court held that a person could not be tried for a felony or misdemeanor unless he be personally present except when the accused, in a misdemeanor case, requested and the court and prosecuting attorney consented to a trial in his absence. *Norton* and *Cook* cite *City of St. Louis v. Walker, supra,* with approval.

Therefore, it is the law of this state that (1) a defendant may not be tried for a misdemeanor without being present, *State v. Norton, supra, State v. Cook, supra* and (2) that a circuit court cannot affirm a municipal court conviction without trial, *City of St. Louis v. Walker, supra.*

Just as the St. Louis Court of Appeals candidly recognized in *Walker* that in its *Fitch* case the court was in error in approving *sub silentio* the conviction of an absent defendant in circuit court on appeal from a municipal court conviction, this court should candidly recognize that the principal opinion approves *sub silentio* the conviction of a defendant on appeal from a municipal court conviction without a trial and without being present by the simple device of dismissing the appeal and remanding for execution of the municipal court judgment and sentence.

If a circuit court cannot *affirm* a municipal court judgment without trial, it cannot legally accomplish the same result by *dismissing an appeal* regularly taken. To permit this to occur is to approve the circuit court doing indirectly what it cannot do directly.

The principal opinion indicates the petitioner, by not appearing for trial, evidenced disdain for the law and its legal process. It may be that that is his attitude although the transcript of the hearing held by the master does not, in my opinion, necessarily support such a conclusion. The petitioner testified that he knew the date his case was set for trial in circuit court; that there was a death in his family so he called to postpone the case because he had to leave town; that he talked to a lady who told him they didn't ordinarily take continuances over the phone but that under the circumstances she would try to take care of it and that he would be notified. After that phone conversation took place, the petitioner went to Michigan for the funeral and then just waited for a court date but never received one until he got a paper saying that he should report for execution of the sentence. He then went to the court as instructed in the letter.

The master's findings of fact No. 13 is "That petitioner did not obtain a continuance of the hearing of his appeal and made no reasonable attempt to do so."

Clearly the petitioner did not *obtain* a continuance. But did he make the phone call and receive the information over the phone from the person he spoke with that she would try to take care of it (continuance) and that he would be notified?

As indicated supra, I don't believe the attitude of the defendant has anything to do with the question as to whether the circuit court has the power to dismiss the appeal and remand for execution of the municipal court sentence. Nevertheless, it is perhaps appropriate to consider the consequences of allowing the attitude of the defendant or the legitimacy of his reasons for not appearing for trial to constitute a basis for dismissing the appeal and remanding for execution of the sentence without any trial.

In this case, if it is a true fact that the defendant did call the circuit or municipal court and did speak with an employee of the court and was told, in effect, that he could go on to the funeral and he would be notified later of a new court date, then that conduct certainly does not show disdain for the court or its processes.[2] Reasonable minds may differ as to whether that was a "reasonable attempt" to obtain a continuance when a layman, not a lawyer, does this. To me it seems reasonable—to others it may not.

In either view, under the principal opinion, some judge would, presumably decide whether or not it was reasonable and, if found not to be reasonable, deny the defendant a trial and imprison him for six months. Would there be a trial on the issue of whether he made a reasonable attempt to obtain a continuance with an appeal following a determination that it was unreasonable? All of this just to decide whether or not to give the defendant a trial on the criminal charge against him.

It may appear at first blush that the disposition authorized by the principal opin-

---

**2.** Note that the master found that petitioner made no reasonable attempt to obtain a continuance, not that he did not believe petitioner's account of what transpired.

ion would be simple and efficient. In my opinion, it will lead to a substantial amount of useless tangential litigation, none of which will answer the original and important question, to wit: Is the defendant guilty of the offense charged?

In my opinion, the discussion in the principal opinion with reference to the stay of the municipal court judgment misses the issue. The appeal does not, in itself, prevent incarceration under the municipal court judgment pending the appeal. It is the recognizance or bond that stays execution. Rule 37.81. The issue here is whether he is entitled to a trial on appeal. Rule 37.82 and section 543.290(3), RSMo 1969, both provide that failure to give the recognizance or make bail does not prevent the appeal. In other words, it is the appeal, regularly taken, that entitles the defendant to the trial in circuit court. It is not the stay of execution that gives the defendant the right to circuit court trial.

Rule 37.84 requires that when an appeal is taken from a municipal court conviction and entered upon the docket of the circuit court "the case shall be heard, tried and determined de novo in such circuit . . . court as though the prosecution had originated in such court."

Question: If this prosecution had originated in circuit court, could the petitioner have been convicted without a trial and without being present? Answer: No. *State v. Cook, supra, State v. Norton, supra.*

Question: Did the circuit court hear, try, and determine this case as though the prosecution had originated in that court? Answer: No there was no trial and defendant was not present.

The writ of habeas corpus heretofore issued should, in my opinion, be made absolute; the petitioner should be discharged from the custody of respondent and remanded to the circuit court of Jackson County for trial of the appeal from the municipal court judgment.

For the foregoing reasons, I dissent.