STATE of Missouri at the relation of the CITY OF ST. LOUIS (Relator) Respondent,

v.

The JUDGE OF the COURT OF CRIMINAL CORRECTION, DIVISION NO. 2, and The Clerk of the Court of Criminal Correction, City of St. Louis (Respondents) Appellants.

Nos. 36333, 36334.

Missouri Court of Appeals, St. Louis District, Division Four.

June 29, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied Nov. 8, 1976.

Newmark & Baris, Kenneth Graeber, St. Louis, for appellants.

Jack L. Koehr, City Counselor, William Kornfein, Asst. City Counselor, St. Louis, for respondent.

PER CURIAM.

In these two consolidated cases the City of St. Louis sought writs of mandamus to compel the Judge of the Court of Criminal Correction, Division No. 2, and the Clerk of said Court, to set for trial and try two appeals taken from Division No. 1 of the Municipal Court of the City of St. Louis.

There is no dispute as to the facts. Separate informations were filed in the Municipal Court of the City of St. Louis charging Jack Ballard and Anthony Giordano, in unrelated incidents, with peace disturbance. At separate trials in the municipal court the attorney for each defendant sought to have

present a privately employed reporter, to be paid by each defendant, to record the proceedings. The judge ordered the reporter to refrain from taking any notes unless the defendant agreed to make a copy of the transcript available, at the expense of the City, to counsel for the City and to the court. In each case the defendant refused. The trial of each case then proceeded before the court without a jury. Neither defendant sought any writ from a superior court to prohibit the municipal court from continuing with the trial of his case without a private reporter present. Each defendant was found guilty. The convictions were appealed to the St. Louis Court of Criminal Correction, and each defendant filed in that court a motion to remand his case to the municipal court based on the refusal of the judge of the municipal court to permit a reporter to record the proceedings without defendants agreeing to supply a copy of the transcript to the court and to counsel for the City. Neither case has been retried.

On September 12, 1973, the City of St. Louis filed these petitions for a writ of mandamus. The circuit court entered its judgment in each case making permanent the alternative writ previously entered, and these appeals followed. We affirm.

An opinion in this case was previously adopted by this court on September 16, 1975. Thereafter, the Missouri Supreme Court ordered the cause transferred to that court, but it was subsequently retransferred to this court for disposition after cognizance had been taken of the opinion in *State ex rel. Garrett v. Gagne,* 531 S.W.2d 264 (Mo. banc 1975), which was handed down subsequent to the previous decision of this court. The case was again placed on the docket, and the parties have been afforded an opportunity to file supplemental briefs and to present oral argument.

The writs of mandamus were sought against Honorable David W. Fitzgibbon, the then Judge of the Court of Criminal Correction, Division No. 2. We take judicial notice of the fact that Judge Fitzgibbon is not now a judge of that court. Rule 52.13 provides that "When a public officer is a party to an action in his official capacity and during its pendency * * * ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substitute party, * * * an order of substitution may be entered at any time, * * *. When a public officer sues or is sued in his official capacity, he may be described as a party by his official title rather than by name, but the court may require his name to be added." This opinion shall constitute an order directing the substitution of parties, and that the proceedings describe the respondents to the mandamus proceedings by their official title rather than by their names.

Appellants each admit that upon appeal to the Court of Criminal Correction from a conviction in a municipal court he is entitled to a trial de novo. See *City of St. Louis v. Moore,* 288 S.W.2d 383 (Mo.App. 1956). Therefore, when trial is there held each case is to be heard as if no action had been taken in the municipal court, and the Court of Criminal Correction does not sit as an appellate court to consider alleged irregularities in the lower court.

The issue here presented is whether, after an appeal is perfected and the case is pending in the Court of Criminal Correction, that court may remand the case to the municipal court for retrial.

"The St. Louis Court of criminal correction is a court of record but is of statutory origin," *State ex rel. Kaiser v. Miller,* 316 Mo. 372, 289 S.W. 898 (1926), and "it is not a court [which proceeds] according to the course of the common law, and therefore has cognizance of no matters except those intrusted to it by the statutes." *State ex rel. Stinger v. Krueger,* 280 Mo. 293, 217 S.W. 310 (1919). As further stated in the *Kaiser* case, "there are no intendments in favor of its jurisdiction, and no matters are to be held within its jurisdiction except those that expressly appear to be so."

Section 479.110, RSMo 1969 provides that the Court of Criminal Correction "shall

have and exercise exclusive appellate jurisdiction in all cases appealed from the city police courts in the city of St. Louis, and all such appeals shall be taken in the manner and form as prescribed by Section 543.290, RSMo [now superceded by Rule 22.16 (see Rule 36.01)] for misdemeanor cases appealed from the magistrate court, except that the application for appeal shall be filed immediately after judgment." Rule 22.16 provides that "After a case appealed from a magistrate court [municipal court] has been entered upon the docket of the circuit court [Court of Criminal Correction] * * * the case shall be heard, tried and determined de novo in the circuit court [Court of Criminal Correction] as though the prosecution had originated in such court."

Notwithstanding this seemingly mandatory language, does *State ex rel Garrett v. Gagne,* supra, compel a different result? In that case the defendant appealed to the circuit court from a municipal court conviction and then failed to appear at the appointed time for trial. The circuit court dismissed the appeal and remanded the cause to the municipal court for execution of the previously imposed sentence. The Missouri Supreme Court held that pursuant to Rule 37.98 the circuit court could have directed the arrest of the defendant because there had been a breach of the condition of his bond, and also that it "had the discretionary alternative of dismissing the appeal."

In this case there has been no dismissal of the appeals for the failure of appellants to make themselves available for their requested trials de novo in the Court of Criminal Correction. That court has purported to remand the causes to the municipal court for what it considered to be an irregularity in that court. In so doing it assumed to act in an appellate capacity to review alleged irregularities occurring in the municipal court; a function not within its statutory authority.

We conclude, therefore, that when an appeal to the Court of Criminal Correction has been perfected from a municipal court, and the appeal has not been withdrawn by the appealing party or dismissed by the court, "the case shall be heard, tried and determined de novo in the * * * [Court of Criminal Correction] as though the prosecution had originated in such court."

We find nothing that implies, much less which constitutes specific authority, that the Court of Criminal Correction may remand a pending case to the municipal court for retrial. Instead, as long as a perfected appeal is pending the authority of the Court of Criminal Correction is to hear, try and determine the case de novo. Therefore, the orders of the Court of Criminal Correction, Division No. 2, in the *Ballard* case and in the *Giordano* case remanding the case to the municipal court are nullities because beyond its authority.

The judgment of the circuit court is affirmed.