**CITY OF PERRYVILLE,**
**Plaintiff-Respondent,**

v.

**Lynn LUKEFAHR, Defendant-Appellant.**

**No. 38832.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 20, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

Application to Transfer Denied
Dec. 19, 1977.

---

Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

Buerkle, Buerkle & Lowes, David G. Beeson, Albert C. Lowes, Jackson, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

This is an appeal by defendant-appellant Lynn Lukefahr from the dismissal by the circuit court of Cape Girardeau County, Missouri, of his appeal from his conviction in the Municipal Court of the City of Perryville, Missouri, for multiple violations of city traffic ordinances, wherein appellant was sentenced to 180 days in jail and a $300.00 fine. For the reasons stated below, we affirm the order of dismissal and award the cost of this appeal against appellant.

The question in this appeal, whether a circuit court has the discretionary power to dismiss an appeal from a jury verdict in a municipal court for the voluntary failure of appellant to appear in court on the date set for trial, was decided in the recent case of *State ex rel. Garrett v. Gagne,* 531

S.W.2d 264 (Mo.1975) (en banc). In *Gagne*, the Missouri Supreme Court held that it was within the discretionary power of the circuit court to dismiss an appeal from a judgment of a municipal court on facts very similar to those presented here. *Id.* at 267. A recent case in this court, *State ex rel. City of St. Louis v. Judge of the Court of Criminal Correction*, 542 S.W.2d 1 (Mo.App. 1976), cited *Gagne* in a discussion of the jurisdiction of the court of criminal corrections.

Here the appellant had consented to the trial setting almost three months before the trial setting date. And immediately prior to the trial setting the court informed appellant's counsel that either it intended to proceed either without appellant or it would dismiss the appeal. Because a dismissal of the appeal was an appealable order, appellant's counsel expressed a preference for a dismissal. During that same telephone conversation, appellant's counsel also informed the court that appellant had been notified to appear for the trial setting. Consequently, in reliance upon the ruling in *Gagne*, supra, and *State ex rel. City of St. Louis*, supra, we find no error.

■ Respondent City of Perryville requested an award of damages for frivolous appeal pursuant to Rule 84.19 V.A.M.R. Having considered respondent's claim, we deny any award of damages. We are reluctant to conclude that appellant ". . . 'has prosecuted an appeal so meritless as to negative all reasonable theories of honest mistake regarding the application of law to the facts, and has knowingly done so in bad faith and for mere vexation and delay.' . . ." *Universal C.I.T. Cr. Corp. v. State Farm Mut. Auto Ins. Co.*, 493 S.W.2d 385, 390 (Mo.App.1973), quoting *Bidleman v. Morrison Motor Freight*, 273 S.W.2d 745, 750–51 (Mo.App.1954).

We also award the cost of this appeal against appellant. 34 Mo.Rev.Stat.Anno. § 514.160 (Vernon's 1952); Rule 77.16, V.A. M.R. 1970.

Judgment affirmed.

STEWART and REINHARD, JJ., concur.