Ronald RENFRO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31050.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

William J. Cason, Michael X. Edgett, Fred R. Bunch, Clinton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Ronald Renfro filed a 27.26 motion to vacate a sentence of six years entered on his plea of guilty to stealing property with a value of over $50. The court held an evidentiary hearing, entered findings of fact and conclusions of law and denied the motion.

On this appeal Renfro contends his plea was not knowingly, intelligently and voluntarily entered, and that he did not have effective assistance of counsel. Affirmed.

At the hearing the court had before it the transcript of the hearing at which Renfro pleaded guilty and heard the testimony of Renfro. The court found that Renfro fully understood the charge against him and

knowingly and intelligently entered a plea of guilty. The court further found that Renfro had been represented by competent counsel and that none of Renfro's constitutional rights had been violated.

■ This court's review of the judgment is to determine whether or not the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). "A finding is 'clearly erroneous' if, after reviewing all the evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Bennett v. State*, 549 S.W.2d 585, 586[1, 2] (Mo.App. 1977).

■ The trial court had the right to reject the testimony of Renfro even though there was no contrary evidence offered. *Shoemake v. State*, 462 S.W.2d 772, 775[1–4] (Mo. banc 1971).

After a careful review of the record, this court is unable to conclude that the judgment is clearly erroneous. The record made at the time the guilty plea was taken clearly refutes the testimony given by Renfro and the court was free to disbelieve such testimony. An extended opinion would have no precedential value. The judgment is affirmed. Rule 84.16(b).

All concur.