CITY OF KANSAS CITY, Missouri, Respondent,

v.

**Debra A. DAVIS, Appellant.**

**No. WD 32622.**

Missouri Court of Appeals, Western District.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 23, 1982.

Cecil D. Williams, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Prosecutor and Edward B. Rucker, Asst. City Prosecutor, Kansas City, for respondent.

Before SOMERVILLE, C.J., Presiding, and WASSERSTROM and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal from an order of the Associate Circuit Judge of Jackson County, Missouri, overruling defendant Debra A. Davis' "Motion to Vacate and Set Aside Guilty Pleas." Defendant originally appeared in the Municipal Division of the Circuit Court of Jackson County and entered a plea of guilty to a charge of stealing [shoplifting] in violation of § 26.50(a) of the Revised Ordinances of Kansas City, Missouri, for which she was sentenced to 90 days confinement in the Municipal Correctional Institution.

At the time of her appearance in municipal court, defendant was not represented by counsel. Prior to accepting defendant's plea of guilty, the municipal court judge presented her with a card captioned "Waiver of Counsel and Findings in the Municipal Court of Kansas City," and explained to her the contents of the waiver form.[1] Defend-

---

1. "I have been advised by the court:

    1. That I have been charged with the offense(s) of [*charge of shoplifting detailed*] chapter(s) [*26*] section(s) [*50(a)*] of the revised ordinances of Kansas City, Missouri, as amended.

    2. That I have a right to a trial on the charge(s).

    3. That if I plead guilty to said charge(s) or if I am found guilty by the court after a trial *there is a possibility* under the penalty sec-

tion(s) of said charge(s) that *I may serve a sentence* at the Municipal Correctional Institution. The maximum judgment is a sentence of six months and a fine of $500.00 or both. The minimum judgment is a sentence of one day or a fine of $1.00.

    4. That *since there is a possibility of serving a sentence* at the Municipal Correctional Institution I have a right to retain or hire my own *attorney to represent me in my case.*

ant then signed the form and entered a plea of guilty to the stealing charge. Defendant subsequently filed her Motion to Vacate the guilty plea in the associate circuit court, alleging that she had not knowingly, intelligently and voluntarily waived her right to counsel. Following a hearing, that court overruled defendant's motion to vacate her guilty plea.

On appeal defendant contends that the associate circuit judge erred in overruling her motion to vacate, claiming that her purported waiver of counsel was ineffective due to the failure of the waiver form to adequately inform her of the likelihood of a jail sentence. Defendant also claims that the associate circuit judge misapplied the burden of proof, by allegedly requiring her, rather than the City of Kansas City, to establish an effective waiver of counsel.

The judgment of the trial court is affirmed.

■ The United States Supreme Court has mandated that "absent a knowing and intelligent waiver, no person shall be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972).[2] "The rule of *Argersinger* case is not directed to the validity of the judgment ... it proscribes certain punishment." *State v. Henderson*, 549 S.W.2d 566, 568 (Mo.App. 1977). Thus, it matters not if the confinement stems from a criminal statute or municipal ordinance violation; once there is a sentence of confinement, *Argersinger* ap-

plies. The Missouri Supreme Court has applied *Argersinger* to a municipal ordinance violation in *State ex rel. Garrett v. Gagne*, 531 S.W.2d 264, 267–268 (Mo. banc 1975). In *Gagne*, the defendant was charged with the violation of a Kansas City general ordinance (a sexually related assault). A trial was had in municipal court, defendant appearing *pro se*. The defendant was found guilty and was sentenced to 180 days confinement. The defendant then filed a petition for a writ of habeas corpus, contending his detention was unconstitutional because he had not knowingly and intelligently waived his right to counsel. The Supreme Court of Missouri issued the writ and then appointed a Master to take testimony and report to the court its findings of fact. The case was then argued before the court. The supreme court, citing *Argersinger*, ruled that the municipal court judge had properly advised the defendant of his right to counsel and had informed him that it was authorized to impose a fine, imprisonment, or both. The supreme court also noted that the defendant was high school educated with no impairment of his intellectual capacity, held that the defendant's waiver of counsel was knowing and intelligent, and quashed the writ.

■ In the instant case, defendant signed the written waiver form and testified that the municipal court judge explained to her the contents of that form. There is also evidence that defendant had been exposed to the municipal court process through her 4–5 prior appearances on similar charges of stealing, during which times she was represented by counsel. Undaunted, defendant

5. That if I desire an attorney but am an "indigent", as determined by the court, and cannot afford to hire or retain my own attorney the court will appoint an attorney to represent me.

6. That any recommendation by a prosecuting official is not binding on the judge of this court and any such recommendation may or may not be accepted by the judge.

Having been advised of my right to an attorney by the court and having read this document and understanding my rights I hereby knowingly, intelligently and voluntarily waive or give up my right to an attorney in this matter.

/s/ Debra Davis
Defendant"
[Emphasis added.]

**2.** *Argersinger* has been limited to "require only that no indigent criminal defendant be *sentenced* to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) (emphasis added). *Scott* has since been adopted in Missouri in *Trimble v. State*, 593 S.W.2d 542 (Mo. banc 1980).

steadfastly insists that she was uninformed of the possibility of receiving a jail sentence.

This last contention is belied by the fact that the waiver form twice contained a warning that there was "a possibility" that she would serve a sentence in the Municipal Correctional Institution.[3] Further, even though defendant claimed at the hearing that the municipal court judge failed to explain the portion of the waiver form pertaining to the "possibility" of a jail sentence, the associate circuit judge was at liberty to reject her testimony and accept the city's evidence that the municipal court judge had fully explained the contents of the form. *Renfro v. State*, 606 S.W.2d 473, 474[2] (Mo.App.1980); *Jones v. State*, 598 S.W.2d 595, 597[7] (Mo.App.1980). Defendant finally asserts that regardless of whether the municipal court judge explained the waiver form to her, the use of the word "possibility" in reference to her chance of receiving a jail sentence was improper. Defendant's basis for this contention is her claim that the criminal waiver form requires a warning that the judge is "most likely" to order incarceration if a defendant pleads guilty. (Section 600.051, RSMo 1978 (see footnote 3)). Defendant urges that this difference in wording induced her into pleading guilty without a full understanding of the circumstances. This final claim is without merit.

The wording "most likely" is terminology used in the waiver form for criminal defendants. The terminology is not mandated by *Argersinger* but is merely the legislature's choice of words for warning the defendant of the ramifications of his plea of guilty to a criminal charge, and of a person's chances of incarceration following their plea of guilty. The use of the term "possibility" was an adaptation for use of the waiver form in municipal court, where the incidence of actual imprisonment of a defendant is quite low rather than "most likely". *See e.g. Argersinger v. Hamlin, supra* at S.Ct. 2013, n. 10. We cannot see how that deviation could have induced defendant's plea or made her plea involuntary or unintelligent. This is especially true in light of the fact that in the *Gagne* case the trial court merely stated that it "was authorized" to impose a fine or imprisonment for the municipal ordinance violation, and our supreme court approved this warning as sufficient. 531 S.W.2d at 264. The waiver form used here contained sufficient information to enable Ms. Davis to understand that her plea of guilty could lead to imprisonment.

■ Defendant's final contention is that the associate circuit judge misapplied the burden of proof, as it stated that the law required defendant to carry the burden on her motion. The law is clear that where there is "an unquestioned absence of counsel, the prosecuting authority ha[s] 'the burden of coming forward with evidence of waiver,' *Morris v. State*, 456 S.W.2d 289, 293 (Mo.1970) . . . ." *State ex rel. Garrett v. Gagne, supra* at 268. The *Morris* case cited in *Gagne* was an appeal of Rule 27.26 denial,[4] and that court made it clear that at such a motion's hearing, once the defendant has shown that he has not been accorded a constitutional right, the prosecuting official has the burden of going forward with the evidence of waiver. If this burden is met, the burden then falls upon the movant to prove by a preponderance of the evidence that the waiver was involuntary or unintelligent. The *Gagne* case thus approved the *Morris* court's reasoning as applicable in an appeal of a municipal ordinance conviction as well as a 27.26 hearing.

---

**3.** The waiver form was derived from the statutory language of § 600.051, RSMo 1978, which outlines the form to be used "in any criminal case wherein a defendant may receive a jail sentence or confinement . . . ."

**4.** A motion to vacate under Rule 27.26 was not available here. See Rule 19.01; *State ex rel.*

*Bennett v. Gagne*, 623 S.W.2d 87 (Mo.App.) decided by the Western District, October 13, 1981. Neither was a *de novo* review of the municipal court's judgment available because of the plea of guilty. See § 479.200(2), RSMo 1978. *Compare State v. Meyers*, 513 S.W.2d 414 (Mo. Banc 1974).

In *Gagne*, where trial was had and an appeal to the circuit court was available (appeal was not available in the present case as there was a guilty plea—*see* footnote 4), the court stated that in the circuit court the prosecuting authority was still required to establish defendant's guilt, even though it would require the city to do so a second time. The court stated that "[s]uch a 'two-tiered' approach allowing for *de novo* relitigation of the charge is solely for the benefit and protection of the accused." *Id.* at 267. There is no reason why that logic is not equally applicable to the hearing on the motion to vacate in the instant case.

In the present case, defendant's counsel began the evidentiary hearing by announcing that he had the burden of proof and proceeded with the sole witness, Ms. Davis. Defendant's evidence showed that Ms. Davis had not been accorded her constitutional right to counsel. However, on cross-examination of Ms. Davis, the city brought out the following facts: defendant had signed the waiver form; the form's contents were explained by the judge; defendant was learned in the ways of the municipal court (*see e.g. Morris, supra* at 293); defendant had a 10th grade education with additional nurse's aid training; and defendant was told by the judge of the municipal court that she had the right to go to trial and to have the assistance of counsel. The city carried its burden of bringing forth evidence of the waiver knowledgeable and voluntary. Defendant did not contradict this evidence by a preponderance of the evidence.

The trial court properly heard evidence on defendant's motion to set aside her guilty plea and properly ruled thereon. The court's statement that defendant did not carry her burden "in order to meet certain standards" could easily have been aimed at defendant's burden to show an involuntary waiver once the city's evidence was presented.

Affirmed.

All concur.