**Grover C. WHITED, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13530.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 1, 1984.

Kenneth A. Seufert, Farmington, for movant-appellant.

John D. Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant was convicted of three charges of rape and one of sodomy. He received four consecutive 15 year sentences. By motion filed under Rule 27.26, he seeks to vacate those convictions and sentences. Following a hearing the trial court made extensive findings of fact and conclusions of law and denied the motions.

Movant contends that he is entitled to set aside the convictions "because his pleas of guilty were involuntary and not intelligently and knowingly made because of ineffective assistance of counsel". He contends that his attorney failed to interview his two daughters, the alleged victims of the crimes, and failed to confront them at any hearing or by deposition or otherwise test their credibility; that the attorney misadvised him regarding § 558.018, RSMo Supp.1982, pertaining to persistent sexual offenders; and that his attorney failed to adequately evaluate the plea bargaining versus the alternative of a trial.

■ Movant had the burden of establishing these grounds by a preponderance of the evidence. Rule 27.26(f). Review is limited to determining "whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j).

■ Movant testified at the hearing on his motion that had the attorney talked to his daughters or questioned them at a hearing or deposition, they would have admitted that they had consented.

The attorney who represented movant in the criminal proceedings testified that movant did not want to go to trial or have a preliminary hearing; that he explained to movant what would happen at the preliminary hearing; and movant decided without any recommendation on the attorney's part to waive the preliminary hearing. The attorney secured access to the prosecutor's file which included statements from the girls and talked to movant's wife, their mother, on two occasions.

There was evidence that the mother would not allow the two daughters to speak to movant's attorney and that movant requested that the attorney talk to his wife only to try to get her to influence the prosecuting attorney's decision regarding plea bargaining.

Due to the number of offenses filed and an indication by the prosecutor that more might be filed, we do not think that the attorney erred in warning movant of the dangers that § 558.018, RSMo Supp.1982, might pose for him.

In view of that section, the possibility of additional charges and the seriousness of the charges filed, we cannot say that movant was not adequately advised regarding guilty pleas as opposed to trials. The attorney testified that he did not attempt to pressure movant into pleading guilty but that was movant's decision, with which he concurred as being in movant's best interest.

On the issue presented to us the trial court concluded its findings of fact as follows:

"That Movant entered his pleas of guilty to the offenses of rape and sodomy knowingly, voluntarily and intelligently and with a full understanding of the nature of the charge, the range of punishment for the charge, and all of his legal and constitutional rights, including his presumption of innocence until proven guilty by the State beyond a reasonable doubt, his right to trial by jury, his right to subpoena witnesses, his right to confront and cross examine his accusers, his privilege against self-incrimination,

his right of appeal and the effect of the guilty plea of waiving these rights and that Movant's trial counsel exercised the customary skill and diligence of a reasonably competent attorney under the similar circumstances."

These and the trial court's other findings were supported by the evidence and were not erroneous. The court's conclusions of law and judgment were proper.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.