**Richard A. CHAMBERLAIN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 14128, 14129.**

Missouri Court of Appeals, Southern District, Division Three.

Dec. 3, 1985.

Motion for Rehearing or to Transfer Denied Dec. 19, 1985.

Application to Transfer Denied Feb. 18, 1986.

David E. Woods, Public Defender, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Richard Chamberlain appeals from the judgments denying, after evidentiary hearing, his two Rule 27.26[1] motions. The first motion sought to set aside a judgment and sentence based on pleas of guilty to two counts of forgery. On December 16, 1983, movant was sentenced to seven years' imprisonment on each count, with the sentences to run concurrently. The second motion sought to set aside a judgment and sentence, also entered December 16, 1983, based on pleas of guilty to escape from confinement and second degree burglary. Movant was sentenced to five years' imprisonment for each of those offenses, the two five-year sentences to be concurrent with each other but consecutive to the seven-year sentences.

Movant challenges the sufficiency and specificity of the trial court's findings of fact and conclusions of law and asserts they do not meet the requirements of Rule 27.26(i). Movant also asserts that his own testimony entitled him to relief on the grounds alleged in paragraphs 2(a), 2(b), 2(c), 2(d) and 3 of movant's motion and the trial court erred in ruling otherwise.

Each of the two motions previously mentioned was prepared by counsel and was preceded by a pro se motion which contained one ground for relief. The ground asserted in each pro se motion was incorporated in the two motions drafted by counsel. For that reason, the paragraph numbers which the trial court assigned to the respective grounds do not coincide with the paragraph numbers used in the pro se and counsel-drafted motions. In addition to renumbering the grounds, the trial court stated the substance of each ground so renumbered. It is therefore possible to determine what ruling the court made with respect to each ground and indeed movant's counsel, in preparing his brief on appeal, had no difficulty in determining what ruling was made with respect to each ground. This court, like appellant's counsel, will employ the numbers as used in the judgment. Two grounds, ground 1 and ground 4, were contained in the motions but there was no evidence offered in support of them and they have not been mentioned on this appeal. Those two grounds are now abandoned. *Smith v. State*, 674 S.W.2d 634, 638[7] (Mo.App.1984).

At and prior to the time the challenged pleas were entered, movant was represented by attorney John W. Nichols. Grounds 2(a), 2(b), 2(c) and 2(d) of the motion claimed that movant was denied effective assistance of counsel.

Ground 2(a) claimed that movant was arrested without a warrant and was confined for the alleged commission of a felony; that movant told Nichols that he had been held over 20 hours without a warrant; that Nichols did not file a motion for relief under Rule 22.06, quoted below,[2] and told movant that he would not file such a mo-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Rule 22.06 reads:

"Any person arrested without a warrant and confined in any place for the alleged commission of any felony shall be discharged from custody within twenty hours from the time of such arrest unless he be held upon a warrant."

tion, thereby rendering movant's plea of guilty "involuntary and unintelligent."

Ground 2(b) claimed that movant asked Nichols if movant could get a change of venue and that Nichols told movant that "such an action would make the prosecutor mad and the prosecutor would see that movant was sentenced to 30 years in the penitentiary," thereby making movant's plea of guilty "involuntary and unintelligent."

Ground 2(c) claimed that Nichols told movant that if movant did not accept the prosecutor's plea bargain, movant's wife, Penny Chamberlain, "would go to the penitentiary and that the prosecutor would have their baby taken away from them."

Ground 2(d) claimed that "the police and sheriff's office in Kennett, Missouri, placed [movant] in unreasonable fear that his life would be forfeited if he did not plead guilty because he was told by several inmates, whose names [movant] did not know, that deputies wanted to kill movant." This ground further claimed that Nichols told movant to tell the judge that no one had made any threats or promised him anything in order to get him to accept the prosecutor's plea bargain.

Ground 3 claimed that movant entered a plea of guilty believing that the prosecutor would not charge movant's wife with a crime, "but thereafter the prosecutor did charge his wife with forgery and she received a suspended execution of sentence with two years unsupervised probation for the crime of forgery."

■ "The prisoner has the burden of establishing his grounds for relief by preponderance of the evidence." Rule 27.-26(f). *Whited v. State,* 674 S.W.2d 693, 694[1] (Mo.App.1984). Review is limited to determining "whether the findings, conclusion and judgment of the trial court are clearly erroneous." Rule 27.26(j). *Whited,* at 694. Inasmuch as the judgment and sentence are based upon a plea of guilty, the issue of counsel's adequacy is material only to the extent that it bears on the voluntariness and understanding of the plea. *Rogers v. State,* 564 S.W.2d 576, 577[1] (Mo.App.1978). The trial court had the right to reject the testimony of movant even if it was uncontradicted. *Renfro v. State,* 606 S.W.2d 473, 474[2] (Mo.App. 1980).

■ At the hearing movant produced only two witnesses, attorney Nichols and himself. With respect to ground 2(a), attorney Nichols did not recall whether he and movant had a conversation in which movant told Nichols that he had been held more than 20 hours without an arrest warrant.

Testifying in his own behalf movant testified that he was arrested on September 30 and that no warrant was issued until October 3. Movant testified that he "brought this up" with Nichols and Nichols said he would have to "look it up." There was neither claim nor evidence that movant was mistreated during his detention. As stated in *State v. Worley,* 371 S.W.2d 221, 222[4] (Mo.1963), "[T]he alleged violation of [now Rule 22.06] would certainly constitute no basis in this proceeding for a collateral attack upon the judgment of conviction."

■ The judgment of the trial court stated that movant failed to establish by credible evidence ineffective assistance of counsel as alleged in ground 2(a), and also found "no persuasive evidence that have (sic) a factual basis for this allegation." The trial court also found that movant "pleaded guilty voluntarily, intelligently and with full understanding of the charge and the consequences of the plea and of his rights. There was a factual basis for the plea and movant was not coerced into accepting the plea bargain and pleading guilty. He received the sentence to which he agreed." These findings and conclusions are sufficient to permit "meaningful appellate review," *McCoy v. State,* 610 S.W.2d 708, 709[2] (Mo.App.1981), and are sufficient to comply with *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978), which requires "specific" findings and conclusions.

With respect to ground 2(b), attorney Nichols had no recollection of discussing with movant the matter of obtaining a change of venue. Movant testified that he and Nichols did discuss a change of venue and that Nichols told movant "he would file it but he would probably make the prosecutor mad and I would end up getting 30 years. I told Nichols I would like to try to get a change of venue out of this county because I did not think I would get a fair trial here." The trial court made the same findings and conclusions with respect to ground 2(b) as it made with respect to ground 2(a), and rejected movant's testimony as it had a right to do.

With regard to ground 2(c), attorney Nichols denied making the statement attributed to him. Although movant testified that the statement was made, the trial court was at liberty to, and did, reject movant's version and made findings to that effect.

With regard to ground 2(d), Nichols denied making the statement attributed to him in that ground, and further testified, "I have never told anyone what to say to the judge.... Part of my standard advice is to tell them that they should tell the truth, that they will be under oath. I also tell them that if they deny that they did the act they are charged with doing, the judge will probably not accept a guilty plea." Nichols had no recollection of movant telling him that he had been threatened by any deputies or policemen and that if movant had told him of such threats "it is likely that I would recall that conversation." Movant testified that inmates, whose names he did not recall, told him that several deputies would like to "blow [him] away," but also said, "No deputy himself told me that."

The trial court made the same findings and conclusions with respect to ground 2(d) that it made with respect to ground 2(a) and rejected movant's testimony as it had a right to do.

With regard to ground 3, Nichols testified that he represented Penny Chamberlain in the criminal action pending in Dunklin County. Nichols said, "I am sure I discussed her case with [movant] but I did not tell [movant] that the prosecutor said that no charges would be filed against his wife if Chamberlain would plead guilty for the plea bargain offered by the prosecutor. That was not part of the agreement." Although movant's testimony in general supported ground 3, the trial court was at liberty to, and did, reject movant's testimony and made the same findings and conclusions with respect to ground 3 as it made with respect to ground 2(a).

This court holds that the findings, conclusions and judgment of the trial court are not "clearly erroneous," Rule 27.26(j), and in fact are fully justified by the record.

The judgments are affirmed.

PREWITT, C.J., CROW, P.J., and MAUS, J., concur.