**CITY OF KANSAS CITY, Missouri,
Plaintiff–Respondent,**

v.

**John C. CALON, Defendant–Appellant.**

**No. WD 40533.**

Missouri Court of Appeals,
Western District.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 28, 1989.

John C. Calon, Kansas City, pro se.

Richard N. Ward, City Atty., George L. Sharp, City Prosecutor, and Lucille R. Myles, Asst. City Prosecutor, Kansas City, Mo., for plaintiff-respondent.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

NUGENT, Judge.

Defendant John C. Calon was convicted of careless driving in violation of a Kansas City municipal ordinance. The circuit court imposed a six-day sentence, which it then suspended, and imposed a $25.00 fine and ordered defendant to attend a "defensive driving" course. Defendant then filed this *pro se* appeal.

We affirm defendant's conviction but remand the case to the circuit court with

directions to amend the sentence as directed.

On September 17, 1987, a police officer observed a vehicle stopped on an entrance ramp to Highway 169 in Kansas City. As the officer drove toward the ramp, the vehicle accelerated from its stationary position, spinning its wheels and "fishtailing" before proceeding up the ramp. The officer stopped the vehicle and issued a citation to defendant, the driver, for careless driving.

Three months later, the municipal court found defendant guilty. He applied for a trial *de novo*, and the associate circuit court again found him guilty. The court imposed a $25.00 fine and a sentence of six days confinement on defendant but suspended the execution of the sentence of confinement and placed defendant on probation for 180 days with the condition of probation being that defendant attend driver's school for eight hours. The court denied defendant's motion for new trial and this appeal followed.

■■■ Construed liberally, defendant's *pro se* brief presents six separate claims of error by the trial court. First, he asserts that he was misquoted several times in the trial transcript. More specifically, he claims that the transcript recorded the word "stomped" when he actually said "scratch." However, such a complaint does not merit relief from an appellate court, which will not reverse for technical errors not affecting a defendant's substantial rights on the merits. *State v. McGuire*, 327 Mo. 1176, 39 S.W.2d 523 (1931); *State v. Weiss*, 185 S.W.2d 53 (Mo. App.1945). *See also* Rule 81.14(e).

■■■ As his second point, defendant contends that he was denied his right to a fair trial because he "was solicited for a bribe to be paid to an assistant city prosecutor" in exchange for the dismissal of his careless driving charge. According to the defendant, he was found guilty because he refused to pay this bribe. However, his complaint refers to events that allegedly occurred outside the record. A reviewing court is bound by the record presented for review, and contentions of error based on alleged matters not shown by the record will not be considered or determined on appeal. *State v. Caffey*, 365 S.W.2d 607 (Mo.1963).

■■■ In his third point, defendant claims that the trial court violated his constitutional right to counsel when the court refused to appoint an attorney to represent him on his careless driving charge. The trial court accepted defendant's claim that he could not afford to hire counsel. For the reasons given below, we find that the trial court erred in imposing a sentence of imprisonment and probation following appellant's uncounseled conviction.

■■■ The Sixth and Fourteenth Amendments to the United States Constitution require that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded the defendant the right to the assistance of appointed counsel in his defense. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1161–62, 59 L.Ed.2d 383 (1979); *Trimble v. State*, 593 S.W.2d 542, 544–45 (Mo.1980) (en banc). Whether the confinement stems from a criminal statute or an ordinance violation, once the court imposes a sentence of confinement, the right to counsel applies. *City of Kansas City v. Davis*, 629 S.W.2d 631, 633 (Mo.App.1982).

Under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), a judge can properly decline to appoint counsel if he determines that the defendant will not be confined if convicted. In the case at bar, the prosecutor, Mr. Rucker, pointedly tried at the very outset of the trial to make clear that it did not seek defendant's incarceration. The trial transcript contains the following colloquy before trial began:

THE COURT: You're representing yourself?

THE DEFENDANT: I'd like to have you appoint me counsel.

ME RUCKER: We'll waive any request for incarceration.

After this brief discussion, no further reference appears as to defendant's request for an attorney, and the court did not act on defendant's request for appointment of

counsel but proceeded to trial. We must conclude, therefore, that the trial court pressed on with the implicit understanding that no sentence of imprisonment would be imposed. However, after the court found defendant guilty, it sentenced defendant to six days in jail.

The trial court erred in imposing a sentence of imprisonment after proceeding without sustaining defendant's request for counsel. Accordingly, we remand the case to the trial court with directions to vacate that part of defendant's sentence ordering him to serve six days in jail and 180 days on probation. *State v. Henderson*, 549 S.W.2d 566, 568 (Mo.App.1977).

■ For his fourth point on appeal, defendant asserts that the trial court erred in refusing to let him introduce his automobile into evidence. Defendant wanted to produce the vehicle to demonstrate that it was incapable of accelerating in the manner described by the arresting officer. Absent a clear abuse of discretion, however, an appellate court will not fault the trial court's rulings limiting admission of evidence. *State v. Jones*, 629 S.W.2d 589, 591 (Mo.App.1981). No such abuse of discretion occurred here.

■ Defendant's fifth point involves the trial court's denial of his request for a jury trial. His only request for a jury trial, however, was an oral request at the very end of the trial after all the evidence had been heard. The court properly overruled that untimely request. A defendant has a right to request a jury in a trial *de novo* on appeal from a municipal court conviction, but trial by jury is not automatic; if the appellant does not make written demand for a jury trial, the case may be tried to the court. *State ex rel. Estill v. Iannone*, 687 S.W.2d 172, 174 (Mo.1985) (en banc). Defendant did not follow proper procedure, thus the court properly refused his request.

■ In his sixth point, defendant complains that he was denied his right to a fair trial because the trial court was too credulous of the testimony of the arresting officer. According to the defendant, the officer's testimony should be suspect be-

cause the police department allegedly requests each officer to "write a certain number of tickets each month to maintain ... status in the department." Defendant's point has no merit. The trial court determines the credibility of the witnesses, not the appellate court. *State v. Swearingin*, 564 S.W.2d 351 (Mo.App.1978). Moreover, the defendant adduced no evidence of the alleged quota system of the police department.

■ Finally, defendant argues that when the officer stopped him and issued the citation, he also subjected defendant to an illegal search and seizure. Defendant did not raise this issue in his motion for a new trial, therefore, we may not consider it on appeal. If a motion for a new trial is filed in a case tried without a jury, any allegation of error not included in that motion preserves nothing for appellate review. Rule 29.11(e).

Accordingly, we affirm defendant's conviction but remand the case to the circuit court with directions to vacate so much of the sentence imposed on defendant as imposes six-days in jail and probation on defendant.

All concur.