**Jack T. MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56262.**

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

Philip Eveloff, Muster & Eveloff, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal by Jack Townsend Morgan, hereafter referred to as Defendant, from the denial of his motion to withdraw his plea of guilty to the offense of second degree murder.

Defendant was charged with first degree murder, and after the jury was empaneled and approximately eight witnesses testified, the charge was reduced to second degree murder and Defendant entered a plea of guilty to that charge.

Defendant first contends that the "information filed by the State fails to allege sufficient facts to constitute a valid charge of murder." We are unable to find a copy of the information in the record before us, and the contents are not set forth in either of the briefs.

■■ Defendant argues that the information does not contain an allegation that "the bullet shot out of the pistol did strike and penetrate the body of the said deceased." These particular words are not necessary if the information contains "a plain, concise and definite written statement of the essential facts constituting the offense charged," and it need not contain any "matter not necessary to such statement." Supreme Court Rule 24.01, V.A. M.R. This court long ago departed from the extremely technical requirement of common law indictments and informations. State v. Brookshire, Mo., 368 S.W.2d 373, 380. Defendant, upon whom the burden rested, has failed to demonstrate that the information was not sufficient, and he has not demonstrated how any "defect or imperfection," if there was one, could have operated to his prejudice. Supreme Court Rule 24.11, V.A.M.R.

Defendant next asserts that his plea of guilty was involuntary, and that in denying his motion to withdraw his plea the trial court failed "to consider the 'totality of events.'"

■ The trial court entered detailed findings of fact and conclusions of law, and therein each factual circumstance now urged by Defendant was set forth, considered and found to be without merit. Defendant argues that "The court attempted to make a determination singularly and separately, rather than giving consideration to the whole picture as it reasonably appeared to the Defendant at the time of entry of the plea." We cannot agree with this contention. We have carefully read the transcript, and the findings and conclusions of the trial court demonstrate that it correctly ruled that "all of the above matters considered, [Defendant] failed to present sufficient believable evidence to support his allegation that his plea of guilty was not voluntarily made." The trial court's findings are supported by the evidence and not clearly erroneous. Supreme Court Rule 27.26(j).

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

HENLEY, DONNELLY, JJ., and FINCH, Alt. J., concur.

MORGAN, P. J., not participating.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.