Jasper Charles PARRIS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37815.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Motion for Rehearing or Transfer
Denied Jan. 14, 1977.

Application to Transfer Denied
Feb. 14, 1977.

Robert C. Babione, Public Defender, Robert G. O'Blennis, Mary Louise Moran, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, Charles A. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

Movant has appealed from the denial, after evidentiary hearing, of his motion to vacate judgment under Rule 27.26, VAMR. He had been convicted of the second degree murder of his wife and sentenced to 15 years' imprisonment.

Only one point is raised on appeal. Movant contends he was denied effective assistance of counsel due to the failure of his attorney to request a mental examination and to inform the court of his hospitalization for depression prior to trial.

Movant's contention is based on § 552.-020, RSMo. 1971 which requires a psychiatric examination of an accused when there is "reasonable cause" to believe he has a mental disease or defect making him unfit to stand trial. He contends reasonable cause for psychiatric examination should have been found by his attorney, or by the trial court *sua sponte*, because of movant's two hospitalizations for acute depression before the date of his trial.

Movant bears the burden of proof in a Rule 27.26 motion. Our review is limited to a consideration of whether the trial court's findings and judgment are clearly erroneous. *Hall v. State*, 496 S.W.2d 300[1] (Mo. App.1973). The trial court here found there had been no reasonable cause to order a psychiatric examination.

Our review of the record shows movant's two hospitalizations were the result of heavy drinking and depression. These occurred after the shooting and more than four months before trial. Movant had no other psychiatric history and he assisted in his defense. His attorney at no time believed he was incompetent to stand trial. The treating psychiatrist testified there was no evidence of thought disorder and in his opinion movant was sane at the time of trial. Merely because he had been hospitalized for depression resulting from the death of his wife before trial does not by itself necessitate an incompetency hearing under § 552.020. "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial . . . and does not require the *sua sponte* hearing . . . if the accused is not hindered in understanding the proceedings or in assisting counsel." *Miller v. State*, 498 S.W.2d 79[8–12] (Mo.App.1973). Movant here evidenced no erratic behavior, had no history of psychiatric problems, had never claimed insanity as a defense, and did not give his attorney cause to question his competency to stand trial. See *Shubert v. State*, 518 S.W.2d 326[3, 4] (Mo.App.1975). In short, there was no reasonable cause to order a psychiatric examination under § 552.020.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.