Jasper C. PARRIS, Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 39753.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Application to Transfer Denied
Sept. 12, 1978.

Jasper C. Parris, in pro. per.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent-respondent.

McMILLIAN, Judge.

Appellant appeals from an order of the circuit court denying his request for Rule 27.26, V.A.M.R. relief.[1] For reasons hereinafter given, we reject appellant's claim and affirm the judgment of the trial court.

Briefly we note the checkered existence of this case: appellant was found guilty of murder in the second degree on October 15, 1971, and was sentenced to fifteen (15) years imprisonment. Our supreme court affirmed this judgment of conviction in State v. Parris, 506 S.W.2d 345 (1974). On October 10, 1974, appellant filed a Rule 27.26, V.A.M.R. motion to vacate, set aside, or correct his judgment and sentence. His theory in his amended motion alleged that he had been denied effective assistance of counsel. This for the reason that his attorney failed to request a mental examination, and further because his attorney failed to inform the court that appellant had been hospitalized and treated for depressive neurosis prior to trial.

After an evidentiary hearing, the trial court denied appellant's motion. In so doing, inter alia, the court stated,

"Counsel had no basis for seeking a further psychiatric examination of petitioner. The defense of insanity could not have been sustained and it would have detracted from the obvious and more believable defense of accident which was consistently but unsuccessfully relied upon."

In Parris v. State, 545 S.W.2d 380 (Mo. App.1976), our court affirmed the judgment of the trial court on the above issues.

The present petition asserts three grounds for relief:

"(1) Petitioner was denied effective assistance of counsel becose (sic) his attorney failed to raise mental defects as a defense.

"(2) He was denied effective assistance of counsel because his attorney did not make a motion for a psychiatric examination.

"(3) The trial judge erred by limiting the testimony of petitioner's psychiatrist in order to save the court time."

A complete answer to appellant's first two allegations is Rule 27.26(d) which states, inter alia, where grounds presented in the subsequent application were raised and determined adversely to the applicant on the prior application, the court should

---

1. While appellant has captioned his appeal as one denying his petition for a writ of habeas corpus, we treat substance and not form. Therefore, we review the appeal as the denial of appellant's Rule 27.26 motion. See Wiglesworth v. Wyrick, 531 S.W.2d 713 (Mo. banc 1976); cf. Green v. State, 494 S.W.2d 356, 357 (Mo. banc 1973).

not entertain the second motion. Here appellant's first two contentions were raised and denied in his first 27.26 motion. *Parris v. State*, supra. Consequently, the court committed no error in this regard. Insofar as appellant's last claim that the court unduly restricted Dr. Duane Hagen's testimony, appellant has failed to sustain his burden of proof in this regard.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.