STATE of Missouri, Respondent,

v.

John COPLIN, Appellant.

No. 40981.

Missouri Court of Appeals,
Eastern District,
Division Three.

August 7, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

---

James F. Booth, Clayton, for appellant.

Thomas L. Gross, Asst. Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

Appeal from dismissal of trial de novo in circuit court after defendant was convicted in magistrate court of beating a dumb animal.

Defendant was convicted by a jury in magistrate court of wilfully, unlawfully, and maliciously beating a dog on December 22, 1976, in violation of § 578.055, RSMo. 1978. He was fined $50.00 and sentenced to three months in the county jail. He appealed to the circuit court.

The case was set for trial de novo in circuit court on April 5, 1978. On that date the state amended its information to show the date of the alleged beating as December 13, 1976. Defendant was granted a continuance because of this amendment. His motion to dismiss because the amendment was filed more than one year after December 13, 1976, was denied. Trial was eventually set for September 14, 1978.

Although his lawyer appeared, defendant failed to appear on September 14, 1978. His appeal was dismissed. The case was remanded to the magistrate court for execution of sentence.

On September 15, 1978, defendant filed a motion in the circuit court to reinstate his appeal. A hearing was held on the motion on October 3, 1978. Defendant testified that car trouble and illness kept him from appearing on September 14, 1978. The circuit court was not impressed with his testimony and overruled the motion to reinstate the appeal. Defendant appeals. We affirm.

Defendant contends the circuit court erred in dismissing his appeal to that court. Our decision is dictated by *State ex rel. Garrett v. Gagne*, 531 S.W.2d 264 (Mo. banc 1975). In *Gagne*, the Missouri Supreme Court held that a circuit court has discretionary power to dismiss an appeal from a municipal court judgment and remand the cause for execution of the municipal court

**50**

judgment when the appellant fails to appear in the circuit court for de novo relitigation of the original charge. The court there reasoned that the municipal court's judgment was not entirely vacated but merely stayed under Rules 37.81 and 37.82. These rules pertain to municipal courts. Similar rules apply to magistrate courts.

■ Rules 22.12 and 22.14 provide that the filing of an appeal from a magistrate court judgment to the circuit court does not vacate or annul the judgment of the magistrate court, but merely stays execution of the judgment. Thus, under *Gagne*, the circuit court had authority to remand this case to the magistrate court for execution of sentence when the defendant did not appear. The record shows no abuse of discretion.

■ Defendant also contends the circuit court erred in allowing the state to amend the information in circuit court since the amendment amounted to filing a new charge against the defendant. There is no need to answer this contention. The defendant was never tried under the amended information. He suffered no prejudice from the circuit court's ruling.

■ Defendant finally contends the magistrate court information was fatally defective since it charged him with "wilfully, unlawfully and maliciously" beating an animal and not with "cruelly, in a willful and malicious manner" beating an animal. This latter alternative uses the exact words of the statute while the former does not.

■ We do not agree with defendant's contentions. Informations charging misdemeanors do not require the same strictness as those charging felonies. *State v. Shell*, 571 S.W.2d 798, 801 [9] (Mo.App.1978). The extremely technical requirements of common law indictments and informations are no longer followed. *Morgan v. State*, 472 S.W.2d 373, 374 [1–2] (Mo.1971). The variance between the words of the information and those of the statute did not so prejudice the substantial rights of the defendant as to prevent the application of *Gagne*. When defendant failed to appear in circuit court,

the trial court properly remanded the case to the magistrate court for execution of sentence.

The judgment is affirmed.

REINHARD, P. J. and GUNN, J., concur.