Jack T. **MORGAN**, Defendant-Appellant,

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

No. WD31600.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

Application to Transfer Denied
April 8, 1981.

John D. Boeh, Asst. Public Defender, Fifth Judicial Circuit, St. Joseph, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

WASSERSTROM, Chief Judge.

Defendant appeals from the denial of his third motion filed under Rule 27.26. We affirm.

On November 8, 1967, defendant pleaded guilty to second degree murder and sentence was entered. Thereafter on July 25, 1968, he filed his first motion to set aside the conviction, but the motion was overruled on July 26, 1968. No appeal was taken.

On August 14, 1968, defendant filed his second motion to vacate. That motion was overruled by the trial court and defendant appealed. The dismissal of the motion was reversed by the Supreme Court and the cause was remanded for hearing. On remand, an amended motion was filed alleging eleven grounds of complaint. The trial

court held an evidentiary hearing, made findings of fact and conclusions of law, and denied the motion. Defendant again appealed, but the Supreme Court affirmed on November 8, 1971. *Morgan v. State,* 472 S.W.2d 373 (Mo.1971).

Seven years later, on November 15, 1978, defendant filed pro se his present third motion in which he alleged three grounds for setting aside the judgment of conviction in paragraph 8(a) through (c). Subsequently, the motion was supplemented by the public defender representing defendant by adding two additional grounds for relief in subparagraphs (d) and (e).

■ On January 25, 1980, the trial court sustained the motion by the prosecuting attorney to dismiss the 27.26 motion, without any evidentiary hearing or findings of fact. On this appeal, defendant filed a brief on May 7, 1980, complaining principally about the failure to make findings of fact. On motion of the State, this court remanded the case to the circuit court for the entry of findings. Pursuant to that remand, the trial court entered comprehensive findings of fact and conclusions of law on July 9, 1980, and those findings and conclusions have now been filed here as a supplemental transcript on appeal.

Defendant's complaint concerning the lack of findings and conclusions has been rendered moot by the developments which have occurred since the filing of defendant's brief in this court on May 7, 1980. The findings and conclusions of the trial court, which have now been made, have not been challenged by defendant in any fashion, although specifically having been invited and given opportunity so to do.

■ The only remaining complaint by defendant on this appeal which remains for consideration is his contention that he was not given an opportunity to explain by evidence why the five grounds of the present motion were not presented previously in connection with the prior 27.26 motions. The fallacy in that contention lies in the principle that a movant in a subsequent 27.26 motion has the duty to *allege* why his complaint was not made in the prior motion or motions. The trial court has no obligation to grant an evidentiary hearing unless an adequate reason for that failure is so alleged. *Nolan v. State,* 484 S.W.2d 273 (Mo.1972); *Culberson v. State,* 571 S.W.2d 488 (Mo.App.1978). The rule so stated in *Nolan* and *Culberson* still remains the law under *Fields v. State,* 572 S.W.2d 477, l.c. 483 (Mo. banc 1978).

Defendant's motion here does not allege any good reason why the grounds now urged were not presented by the previous motions. As to the two grounds set forth in paragraph 8(b) and (c), defendant admits that those contentions were presented in his second 27.26 motion. Those arguments are therefore now barred by res judicata. *Frost v. State,* 589 S.W.2d 370 (Mo.App. 1979); *Parris v. State,* 569 S.W.2d 252 (Mo. App.1978).

■ As to the ground alleged in paragraph 8(a), defendant's professed excuse for not presenting the matter earlier is that it "was not known to movant." This ground related to the sufficiency of the information, and the facts concerning that information were fully known to defendant at the time of the prior motions. What he is really saying in disguised form is that he did not realize the legal significance of those facts. However, it is well-settled that the acquiring of greater legal understanding and acumen by the time of the filing of a subsequent 27.26 motion does not excuse the failure to present the point in a prior 27.26 motion, and such a fact even if true does not meet the requirement of Rule 27.26(d). *Blaine v. State,* 603 S.W.2d 109 (Mo.App.1980); *Brager v. State,* 586 S.W.2d 397 (Mo.App.1979).

With respect to the grounds set forth in paragraph 8(d) and (e) of the motion, those complain that the guilty plea was not knowingly and voluntarily made and that defendant entered the plea without understanding because of ineffective assistance of counsel. He attempts to excuse his failure to raise these points on his prior motions for the alleged reason that he did not have at his disposal the transcript of the

trial when the evidentiary hearing was held on his second 27.26 motion, on September 5, 1970. That excuse is wholly refuted by the transcript of the September 5, 1970, evidentiary hearing.

The findings, conclusions and judgment of the trial court are not clearly erroneous. That judgment is therefore affirmed. Rule 27.26(j).

All concur.