**CITY OF KANSAS CITY,**
**Missouri, Respondent,**

v.

**Danny L. HARNESS, Appellant.**

**No. WD 38099.**

Missouri Court of Appeals,
Western District.

Nov. 25, 1986.

Gregory E. Eufinger, Jr., Reed & Eufinger, Kansas City, for appellant.

Richard N. Ward, City Atty., George L. Sharp, City Prosecutor, Lucille R. Myles, Asst. City Prosecutor, Kansas City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

The defendant appeals from the order of the Associate Circuit Judge dismissing defendant's application for trial de novo following his conviction in the Kansas City Municipal Division of the Circuit Court of intentionally attempting to inflict bodily injury upon another. On appeal, defendant claims the dismissal of his application was erroneous because he had not failed to pursue his appeal and had stipulated to the City's evidence against him.

The charge against defendant arose out of an incident on a private parking lot in Kansas City, Missouri. The victim, a private security officer, had been assigned to patrol the parking lot by the Westport Association. He was dispatched to the parking lot because of a report that the defendant had been soliciting women in the parking lot to perform sex acts for money. The guard approached the defendant and began to "frisk" him. The defendant then struck the security officer. The defendant consequently was charged with assault. In his defense, the defendant claimed that he was

entitled to defend himself from the assaultive acts of the security officer because the security officer did not have the powers of a police officer and was therefore not entitled to act as he did.

After conviction in Municipal Court, the defendant and his counsel appeared on Friday, October 25, 1985, in the Jackson County Circuit Court for trial de novo. When the case was called, defendant's counsel asserted to the court that the only question in the case was a matter of law and that the case could either be tried or be submitted on a report. After some discussion between the parties, a stipulation was made on the record concerning the facts of the case. The parties then undertook some discussion of the law and the court suggested that the matter be briefed and set over until November 12, at 9:30. The events set forth above are also evidenced in the record by an order and judgment of the court which shows that *the evidence was heard upon report.* The parties filed the briefs requested by the court, asserting in detail their positions concerning the legal issue in the case. Nothing appears in the record to indicate what occurred with respect to the November setting, but on December 23, 1985, the court entered an order overruling the defendant's motion to dismiss. That order is internally inconsistent, bearing order dates of both December 23 and December 24 and a mailing date of December 27. On January 2, 1986, the defendant filed a motion for reconsideration of the December 23 order. That motion, as it appears in the legal file, bears the scrawled word "denied" across its face without date or signature. The order of December 23 reset the case for February 5, 1986, at 9:30 a.m. On February 5, the court called the case at 9:30. Although defendant's counsel was there, neither defendant nor the city attorney was present. The case was recalled at 10:00, and when the defendant still did not appear, the court announced it would dismiss the trial de novo application and remand the case for execution of the Municipal Court judgment.

The only way in which the flavor of the succeeding colloquy can be understood is to set it forth in full:

[Defense Counsel]: Your Honor, I would ask that you set it over for one week. I know I can get him here.

THE COURT: I think he's got an obligation too when this case has taken on magmatic [sic] proportions.

[Defense Counsel]: Your Honor, I would also note that there was a motion filed requesting findings of fact and conclusions so that an appeal could be filed.

THE COURT: For an appeal to be filed, I understand the law and unless I'm mistaken, the case has to be completed and *the client has to be here until we have a final conclusion.* I've ruled on your motion. You evidently strongly disagree and I'm not saying you're wrong, but I just don't agree with you. The City filed their briefs and I gave you both sufficient time. I read both of them twice. I looked at your motion for reconsideration and I overruled that. Mr. Harness, as I understand the law and as I understand his bond obligations is to be here. If in fact we get to the point where we do conclude this matter, which evidently we are not going to, I would surely honor the request that you made for conclusions of fact and so on. I also would render an order that you and each side would submit their own prior to the Court's submission, but we don't have that situation. Your client has put you in an awkward position. *The case at this point comes on regularly for trial,* the defendant fails to appear. *The Court cannot conclude the matter and order the matter to proceed.* The defendant in this case is not actively pursuing his appeal. Court therefore will dismiss the trial de novo by the defendant and remand the matter to the Municipal Court for execution and that will be the end of it.

(Emphasis added). The court entered a formal order following this colloquy. The order does not jibe with the colloquy because it shows a check mark in the box which indicates voluntary dismissal by the

defendant rather than the order which the court orally stated it was making.

Only a few cases discuss the authority of the circuit court to dismiss an application for trial de novo following a municipal conviction. Two such cases are *State ex rel. Garrett v. Gagne*, 531 S.W.2d 264 (Mo. banc 1975), and *State v. Coplin*, 588 S.W.2d 48 (Mo.App.1979), which follows *Gagne*. *Gagne* holds that a circuit court has discretion to dismiss an application for trial de novo *before trial* for a failure of the defendant to appear.

*Gagne* and *Coplin* are inapposite to the present situation. Here the evidence had been heard by way of stipulation. The cause was submitted and the trial de novo accomplished. All that remained was the entry of the court's judgment.

Rule 37.74 requires that a trial de novo in circuit court be conducted in the same manner as the trial of a misdemeanor. In a misdemeanor case the defendant may not be found guilty or sentenced by the court in his absence.[1] § 546.030, RSMo 1978; *State v. Pfeifer*, 544 S.W.2d 317 (Mo.App. 1976). If the defendant failed to appear at the trial of a misdemeanor case, the appropriate remedy for the court would be to issue a capias warrant and, if a bond had been posted, order forfeiture of the bond. §§ 546.560 and 544.640, RSMo 1978; Rule 33.14.

The trial court was without authority to dismiss the application for trial de novo. The order doing so is reversed and the cause is remanded to the Circuit Court for the entry of judgment and any further proceedings.

All concur.

---

**1.** The statute provides that the defendant may be absent only if the court and prosecuting attorney have so consented. § 546.030, RSMo 1978. No such consent was evidenced here.