**William PINSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16362.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 20, 1990.

J. Marty Robinson, Rolla, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

William Pinson appeals from the denial after evidentiary hearing of his motion filed pursuant to Rule 29.15 [1] in which motion Pinson sought to vacate judgments of convictions and ensuing consecutive life imprisonment sentences imposed by the Circuit Court of Crawford County on April 30, 1981, after a jury had found Pinson guilty

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

of the crimes of rape and sodomy, in the course of which Pinson displayed a deadly weapon in a threatening manner. We affirm.

No appeal was taken from the rape and sodomy convictions. Following incarceration, Pinson, on October 19, 1981, filed a motion pursuant to Rule 27.26, now repealed, seeking to vacate the rape and sodomy convictions on the ground that his trial counsel was ineffective because he had not filed any post-conviction motions or perfected an appeal. Following an evidentiary hearing, the circuit court denied the motion, which denial was affirmed by this court after appeal. *Pinson v. State,* 688 S.W.2d 783 (Mo.App.1985).

On November 23, 1988, Pinson filed a second motion to vacate the rape and sodomy convictions, this time pursuant to Rule 29.15, which rule, together with Rule 24.-035 providing a post-conviction procedure after guilty pleas, is a successor rule to Rule 27.26. This motion again alleged Pinson had ineffective assistance of trial counsel for counsel's failure to file and perfect an appeal, and also alleged as additional claims for relief that the trial court had not, as is required by Rule 29.07(b)(3), advised Pinson, after sentence was imposed, that he had a right to appeal, and that his trial counsel was ineffective by failing "to litigate this meritorious issue."

The State filed a motion to dismiss, alleging that Pinson's motion did not state a claim upon which relief could be granted. Following an evidentiary hearing, the motion court entered the following order:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be and is hereby sustained; that in so ruling the Court finds that all errors alleged by the Movant involved matters which have been or could have been raised at the time of the prior motion; that notwithstanding the argument pertaining to the Court advising him of his right to appeal movant exercised and had available to him the due process claim and ineffective assistance of counsel claim since the 27.26 motion was filed. Accordingly, the mat-

ters raised are [r]es [j]udicata and this Court is without jurisdiction to entertain a second post[-]conviction motion for relief. *Futrell v. State,* 667 S.W.2d 404 (Mo. banc 1984) and *Grant v. State,* 486 S.W.2d 641 (Mo.1972).

■ Our review is limited to a determination of whether the findings and conclusions supporting the order of dismissal of the motion court are clearly erroneous. Rule 29.15(j). Rule 29.15(k), as did its predecessor, Rule 27.26(d), provides that the circuit court shall not entertain successive motions. This rule is designed to discover and adjudicate, if possible, all claims for relief in one application. *Futrell v. State,* 667 S.W.2d 404, 408 (Mo. banc. 1984). Successive motions for post-conviction relief are prohibited where the grounds alleged in the successor motion are new but could have been raised in the previous motion. *Willen v. State,* 648 S.W.2d 134, 135 (Mo.App.1983). A movant has the burden of establishing that any new grounds raised in a successive motion to vacate could not have been asserted in his prior motion. *Id.*

■ Here, the new ground alleged in the successor motion is that the trial judge failed to advise Pinson of his right to appeal, as is required by Rule 29.07(b)(3), and that his trial counsel was ineffective for failing to litigate that issue. The Supreme Court enacted this rule June 13, 1979, and it became effective January 1, 1980.

Pinson did not file his first motion to vacate until October 19, 1981, which was 28 months after the enactment of Rule 29.-07(b)(3). Pinson has not met his burden of proving why he could not have asserted his allegations concerning the alleged violation of Rule 29.07(b)(3) in his first motion. While it is evident from the relative sophistication of Pinson's second motion to vacate, when compared to his first one, that he has acquired greater legal acumen during the seven-year interval, following the filing of his first motion, that fact does not excuse the failure to raise the issue in question the first time around. *Morgan v. State,* 612 S.W.2d 432, 434 (Mo.App.1981). Lack of legal knowledge is not a cognizable

excuse for not raising an ostensibly new ground in a prior motion for post-conviction relief. *Wright v. State*, 614 S.W.2d 325, 327 (Mo.App.1981).

If society is to believe in the integrity of our system of criminal justice, there has to be a time when the courts firmly say that justice has been done, a fact that seems to escape some judges and courts. It has been almost nine years since Pinson was convicted of the crimes in question. Enough is enough.

Since Pinson did not meet his burden of proving why he could not have asserted the grounds raised in his successor motion at the time he filed his earlier motion, the motion court's findings and conclusions supporting its dismissal order are not clearly erroneous.

The order of the motion court sustaining the State's motion to dismiss is affirmed.

CROW, P.J., and PARRISH, J., concur.

PREWITT, J., concurs in result.