**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**William H. PITTS & Rex E. Noelker, Appellants.**

**Nos. WD 47687, WD 47688.**

Missouri Court of Appeals, Western District.

Feb. 22, 1994.

Joseph A. Morrey, St. Joseph, for appellants.

Kathleen Hauser, Acting City Atty., George L. Sharp, City Prosecutor, Lucille R. Myles, Asst. City Prosecutor, Kansas City, for respondent.

Before BERREY, C.J., P.J., and KENNEDY and ELLIS, JJ.

BERREY, Chief Judge.

Defendants, appellants herein, were sentenced on December 18, 1992, to 180 days in jail pursuant to their being found guilty to the charge of inflicting bodily injury by the

Kansas City, Missouri municipal court. We consolidate their respective appeals herein.

The appellants appealed by de novo application to the circuit court of Jackson County. Subsequently on January 27, 1993, the appeals were dismissed and the cases remanded to the municipal court. Their previously assessed penalties were imposed on April 9, 1993.

The facts giving rise to this appeal are as follows:

At approximately 8:30 a.m. on May 21, 1992, appellants were in an assemblage of pro-life protestors on the public sidewalk in front of Planned Parenthood of Greater Kansas City, 1001 East 47th Street, Kansas City, MO.

A scuffle ensued. Mark Manning, who appeared and voiced objection to the presence of the protestors and their sign, was the alleged victim. The appellants were arrested and charged with inflicting bodily injury in violation of § 26.13.2 Revised Ordinances of the City of Kansas City, Missouri.

The chronological events regarding their appeal is set forth below.

10/16/92 Request for discovery (no ruling)

12/11/92 Motion to request jury trial (sustained)

12/11/92 Motion for joinder

12/18/92 Jury trial set for 1–19–93 Division 11 at 11 a.m. by Judge Romano

1/19/93 Order transferring cause from Division 11 to Division 9

1/27/93 Order dismissing case for failure of defendants to appear on 1–20–93 in Division 9

2/4/93 Motion for continuance by defendant

2/4/93 Affidavit of attorney for defendant filed. Attorney a state representative and in session

2/16/93 Motion to set aside dismissal

2/16/93 Published docket of Division 11 listing defendants' appeals as case 10 and 11

2/22/93 Order denying motion

4/13/93 Subpoena duces tecum to WDAF for press release announcing closing of Jackson County Circuit Court on 1–20–93

4/13/93 Faxed response from WDAF to subpoena stating "Jackson County Cir Ct for employees and jurors closed today." According to fax 21 schools were also closed

4/14/93 Motion for special order

4/21/93 Plaintiff response to motion for special Order (no file stamp visible)

4/29/93 Notice of appeal filed

4/29/93 Order permitting filing appeal out of time

5/14/93 Court of Appeals order for Circuit Court to set bond

5/23/93 Suggestions in opposition to motion for court of appeals to set bond

5/26/93 Order of Coburn circuit judge setting appeal bond

Even though the record indicates there was an order transferring the cause from Division 11 to Division 9, we do not have before us documents which indicate how or when Judge Coburn, Division 9, received the case from Judge Mason, Division 11. Nothing contained in the legal file indicates the case being set on January 20, 1992, although this date is mentioned in the briefs.[1] To the contrary the legal file contains the printed docket of Division 11 for February 16, 1993, and appellants' cases are listed thereon as case numbers 10 and 11. However, according to appellants motion for continuance, "the cause was transferred from Division 11 to Division 9 for the scheduled hearing." Further, appellants allege that on January 20, 1993, Kansas City experienced extremely adverse weather conditions and Mr. Masters (attorney associated with Mr. Hall) has stated that he telephoned the court to determine the status of the hearing. Someone at the courthouse advised that because of the adverse driving conditions, the hearing had been cancelled and would be rescheduled sometime in February, 1993. Therefore Mr. Masters advised defendant it was unnecessary for him to appear, and did not appear at

1. There was no transcript filed herein.

the scheduled hearing because of a misunderstanding.[2]

The appellants herein had requested a jury trial. Because of a public service announcement that the courthouse was closed, and jurors should not report coupled with advice from the courthouse, it is reasonable to conclude that appellants believed their cases would be rescheduled, as in fact they were pursuant to the printed docket. In view of these facts in this case we find that the trial court abused its discretion by 1) dismissing the cases and 2) for not vacating his dismissal order.

Appellants raise three points of error. First, appellants allege the lower court erred in dismissing the trial de novo appeals and ordering the reinstatement of the previously entered municipal court judgment for nonappearance by the defendants. Second, appellants allege error in failing to sustain defendants' motion to set aside dismissal. Finally, appellants allege that in failing to set aside the dismissal of defendants, they were deprived of their right to a jury trial. The alleged errors will be addressed as one.

The respondents rely on *State ex rel. Garrett v. Gagne*, 531 S.W.2d 264 (Mo. banc 1975), *State v. Coplin*, 588 S.W.2d 48 (Mo.App.1979). *Gagne* stands for the proposition that when an appellant appeals a conviction in the municipal court and fails to appear for trial in the circuit court the court may dismiss the appeal and remand the cause to the municipal court for execution. This case states the basic law of Missouri. However, none of the extenuating circumstances found in the instant case are present in *Gagne*. In *Coplin*, the court also found no abuse of discretion when the trial court dismissed appellant's appeal for failure to appear for his trial de novo in the circuit court. In *Coplin* the cause was set for trial on September 14, 1978. Appellant's attorney appeared and appellant did not appear. Appellant subsequently filed a motion to reinstate his appeal. He testified he had car trouble and was ill. "The circuit court was not impressed with his testimony and over-ruled the motion to reinstate the appeal." *Id.* at 49.

In the instant case, appellants' attorney was advised the courthouse was "closed" and cases would be rescheduled. A public service announcement to the community, via radio, stated that Jackson County employees and jurors should not report on the 20th of January, 1993. The appellants were justified in not appearing on said date and in relying on the message from the courthouse and the public service communique that the case would be reset.

Appellants cite *Attebery v. Attebery*, 507 S.W.2d 87 (Mo.App.1974) and *Grimes v. Bagwill*, 809 S.W.2d 441 (Mo.App.1991). The court stated in *Attebery:* "There is an extremely strong public policy in favor of the wife here being given a right to trial by jury. Hardly any right is more firmly rooted in our law." *Id.* at 93. This right is specifically protected by the 7th Amendment to the United States Constitution and by Art. I § 22a, Missouri Constitution, and § 510.190 RSMo and Supreme Court Rule 69.01. The right to a jury trial is sacrosanct. It is a right we jealously guard. Any curtailment of this right should be severely scrutinized. *Id.* at 93. We have so done in the instant case and find that no jury was available to try appellants on January 20, 1993 and this coupled with the information available to them constituted good cause for their failure to appear on January 20, 1993.

We are unable to ascertain from the record before us if the order was issued on January 20, 1993 or January 27, 1993. In view of the inconsistencies herein simple justice requires that the order dismissing the appeal be vacated and the cause reinstated on the docket of the appropriate criminal division of the circuit court.

The causes are reversed and remanded to the circuit court for trial on the merits.

All concur.

---

**2.** A similar motion is contained in the legal file of each defendant, William Pitts and Rex Noelker.